May 18, 2015

Clerk of the Texas Court of Criminal Appeals
201 West 14th Street
Austin, Texas 78701

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 19 2015

Abel Acosta, Clerk

Nema Bardin
P O Box 772
Austin, Texas 78767

Re: Enclosed Original Writ of Habeas Corpus Chadrick B. Pate Applicant #01563340, Nema Bardin Petitioner and Emergency Motion for Original Writ of Habeas Corpus Relief Chadrick B, Pate #01563340 Applicant , Nema Bardin Petitioner.

Dear Mr. Acosta,

I am the Petitioner in the above referenced Original Writ of Habeas Corpus.

Applicant Pate presented his initial 11.07 Habeas Corpus to the trial Court made returnable to this Court.
The Initial Habeas Corpus presented under Article 11.07 No. WR-78,165-01 received no "adjudication on the merits " by the Trial Court or by the Court of Criminal Appeals.

On 12/5/14 Applicant filed a Motion to Vacate Void Judgment into the trial court. Applicant asked on numerous occasions for a decision from the trial court. The trial court refused to answer and has not corresponded with Applicant at all, and that Motion was withdrawn on 5/18/15.

I am now as the Petitioner bringing this Original Writ on behalf of my son Chadrick B. Pate pursuant to Article V, Sec.5, Constitution of Texas and pursuant to Texas and United States Common Law.

Please file the Writ as an Emergency In The Interest of Justice, as my son has been imprisoned for 7 years under this Void Judgment obtained through illegal proceedings held by the trial court which violated his 1st., 6th and 14th Amendment rights under the United States Constitution.

The trial court committed fraud upon the court, The 13th Court of Appeals, The Texas Criminal Court of Appeals and the U. S. Federal District Court Southern District, Houston Texas when they first held an illegal joint trial and obtained a conviction through holding illegal proceedings and filing illegal entries into the trial court, and then submitting a Void Judgment Record to The 13th Court of Appeals, this court ( Texas Court of Criminal Appeals), and the U. S. Federal District Court Southern District. Houston Texas

I understand that these are lofty and serious claims and I have supported the claims with the trial court records, and affidavits which are contained in the Exhibits of the Writ.

1.

I am respectfully submitting this Writ as an Emergency for filing and docketing

Sincerely,

Nelma Bardin
Petitioner

cc: file

Writ Hand Delivered COCA

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

| EX PARTE | FROM THE THE DISTRICT COURT |
|---|---|
| CHADRICK B PATE | 36TH JUDICIAL DISTRICT |
| TDCJ #01563340 | ARANSAS COUNTY, TEXAS |
| | CAUSE NO. A-08-5080-4CR |

## COVER SHEET

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

## APPLICATION FOR ORIGINAL WRIT OF HABEAS CORPUS PURSUANT TO Article V, Section 5 of the Texas Constitution Article 1, 6. and 14 of the United States Constitution Texas Common Law And United States Common Law

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Petitioner Nema Bardin on behalf of Applicant Chadrick B. Pate and respectfully submits this Original Writ Of Habeas Corpus petitioning for relief from a Void Judgment in Cause No. A-08-5080-4CR Chadrick B. Pate .

The Initial Halbeas Corpus presented under Article 11.07 No. WR-78,165-01 received no "adjudication on the merits " by the Trial Court or by the Court of Criminal Appeals.

The Judgment, Sentence and Conviction pursuant to The Judgment rendered by the Trial Court and executed by Trial Court Judge Janna K. Whatley in Cause No. **A-08-5080-4CR CHADRICK B. PATE** from the 36th Judicial District Court Aransas County is: Void for Violation of Due Process under the Texas Constitution and the United States Constitution , and for Fraud on the Court by the Court.

1

## JURISDICTION

The Court of Criminal Appeals has Original Jurisdiction under Article V, Section Five of the Texas Constitution , Article 1, 6 and 14 of the United States Constitution, Texas Common Law and United States Common Law. **State v. Johnson, 821 S W 2d 609. 612 Tx. Crim. App. 1991** held a court off criminal appeals may take action only if that action is authorized by constitutional provision, statute, or Common law, or the power rises from an inherent or implied power. **Moon ey v. Holohan, 294 U.S. 103-113** held "To deprive a citizen of his only effective remedy would not only be contrary to the rudimentary demands of justice but destructive of a constitutional guaranty specifically designed to prevent injustice. **Fay v. Noia 372 U.S. 391 Sup. Ct. 1963. The Writ lies as a traditional civil remedy for the enforcement of the right to personal liberty, not as a stage of the state criminal proceedings or as an appeal therefrom. Exparte Giambonini 117 CAL 573, 49 P 732;** VOID judgment is Never final and a judgment acquired through violation of "due process of law" and Fraud is void and never becomes final. process of law" and Fraud is void and never becomes final. **Exparte Giambonini 117 CAL 573, 49 P 732 / Dubaii Petroleum Co. v. Kazi 12 S W 3d 71 76 (Tex. 2000,)** A judgment will never be considered final if the court lacked subject matter jurisdiction. It is well settled law that a legal action by a court without jurisdiction is a nullity.

### THIS HABEAS CORPUS IS A COLLATERAL ATTACK ON A VOID JUDGMENT

A collateral attack is any proceeding to avoid the effect of a judgment which does not meet all the requirements of a valid direct attack. **See Glunz, 908 S W 2d at 255**, There is neither a set procedure for a collateral attack nor a statute of limitations. **See Glunz, 908 S W 2d at 255: Davis v. Boone, 786 S. W.2d 85,87 (Tex.App- San Antonio 1990, no writ).**

2.

# PROCEDURAL HISTORY

Applicant was charged in a two count indictment with Murder Texas Penal Code 19.02 (Count 1)

Aggravated Assault Texas Penal Code 22.02/ Engaging in Organized Criminal Activity (Count 11)

. On February 12, a jury found Applicant guilty of Murder. On February13, 2009, the jury assessed the

maximum punishment, ninety nine (99) years or life confinement in the Texas Department of Justice-

Institutional Division and a $10,000.00 fine. Applicant filed his notice of appeal on February 25,

2009. Applicant then appealed his conviction through court appointed attorney. That Court affirmed

the Trial Court's judgment on October 7, 2010: Applicant Pro Se Petitioned for Discretionary Review

was refused on May 25, 2011. The final mandate issued on June 21, 2011.

Applicant then filed Habeas Corpus 11.07 through a paid Habeas Attorney Carrie Crisp. Ms. Crisp

proved to be inexperienced and refused to present Applicant's number one Ground for Relief Void

Judgment for lack of Jurisdiction. ( See note below)  When Applicant's Mother found out that she did

not include the Ground he had his Mother with his Power of Attorney to amend the Habeas and add

the Ground for Void Judgment as his number one (1) ground. There were no hearings or factual

findings by the trial court and none by this Court.

Applicant's Writ was denied without Written Order on 3/6/13. Because Applicant is not skilled in the

law he did not know to Appeal the 3/6/13 decision and thought that his opportunity to file a Federal

Habeas Corpus was nearing the deadline. He then filed a Pro Se Habeas Corpus pursuant to 28 U S C

2254 that court conducted no evidentiary hearing and denied the Writ with prejudice and no COA.

Applicant thought that he could not Appeal because of the Order on the COA. He then with the

assistance of his Mother as his Power of Attorney began to study to find a way to get back into Court

Note: Judge J. Price delivered the opinion in Ex Parte Casey Tyrone Sledge No. A-P-76497 and opined that if applicant had raised his present claim in his orginal Writ, "We would not hesitate to reach the merits and if appropriate grant relief.

3.

Applicant discovered that because his Judgment was void that he thought he could ask the Trial Court for relief because he had read 2 cases that helped him understand the basis for asking for relief: Ex parte Casey Tyrone Sledge No. A- P- 76947 and Patton v. Diemer 35 Ohio St. 3d 68,518 N E 2d 941: showing It is not incumbent upon appelle to establish a basis for relief nor is it incumbent for the court to decide its authority therefrom, Rather the judgment sought to be vacated constituted a nullity therefore within the inherent power of the trial court to vacate the Judgment, and then filed a Motion to Vacate Judgment in the Trial Court on 12/5/14. After requesting on at least 3 occasions a decision, the court had still not ruled or corresponded with Applicant and then he withdrew his Motion on 5/18/15. There are no other motions pending in this matter at this time. Applicant is presently in custody of Texas Department of Criminal Justice System Stiles Unit Beaumont Texas.

## THE COURT'S POWER TO SET THE VOID JUDGMENT ASIDE

Where a void judgment has been rendered and the record in the cause, or judgment roll reflects the vice, then the court has not only the power but the duty and even after the expiration of the term to set aside such judgment. **Harrison v. Whitely, Tex Crim App 6 S W 2d 89.**

## MANDATORY RELEIF

Relief under void judgment Statute is Mandatory, **Carter v. Fenner 136 F 3d 1000, 1005 (5th Cir) 1998.** a void judgment decree or order may be vacated at any time on motion of a party or any person affected thereby. **Johnson v, Zerbst 304 U.S,.458 Supreme Court 1938** showing when court violates Constitutional Rights they lose jurisdiction to proceed to trial and the conviction is void.

## EVIDENTARY HEARING

**Petitioner request evidentary hearing if the Court cannot determine that releif is required through the facts presented.**

4

## STATEMENT OF THE CASE

A grand jury in Aransas County Texas in the 36th Judicial District of Aransas County indicted Applicant Chadrick B. Pate in a 2 count indictment under Penal Codes 19.02, 22.02 and 71.02 along with 4 co defendants on June 24, 2008 **See Ex # 2 Indictment**. Applicant was the last to be arrested of the other co defendants. Applicant was arrested on May 5, 2008 when the Aransas County Sheriff illegally had his pre trial supervision (on a separate case ) revoked and had the bondsman withdraw his bond. Applicant had abided by every pre trial supervision requirement. Thus when the indictment was presented to him he was already in custody of the Aransas County Jail, where he remained until he was released into the custody of the Texas Department of Criminal Justice in 2009.

Because the State brought the charges against Applicant along with the other co defendant's his trial and the offenses were joined. Applicant entered a Plea of NOT GUILTY and asked for a jury trial and had his Defense Attorney John Gilmore file a "Motion for Severance of Defendant and Offenses" on July 31st 2008. **See Ex # 1.** At some point 3 of the co defendant's took plea deals to testify against Applicant and the only other co defendant (Hall) who plead Not Guilty as well. Applicant's Attorney John Gilmore came to the jail only twice to visit client although Applicant asked numerous times to see him. Both Applicant and Petitioner asked Mr. Gilmore numerous times about the Severance, he told both Applicant and Petitioner only a few days before a joint trial with the other co defendant(Hall) that his Motion for Severance had been denied. (This was not true) however Applicant did not know about this lie until after the trial was over, the Appeal had been denied, and he was proceeding with a State Habeas Corpus under Article 11.07.

Applicant hired a young inexperienced Habeas Attorney Carrie Crisp, who refused to enter Ground One for Relief at Applicants request " void judgment for lack of jurisdiction". When

5.

Applicant and Petitioner discovered that Ms. Crisp filed the Habeas without this Ground for

Relief, Petitioner immediately supplemented the Habeas Corpus and amended Ground One to

Violation of due process " Judgment void for lack of jurisdiction". Applicant nor Petitioner knew

at the tine that there were numerous other violations of due process, and fraud involved with the

Applicant's Conviction.

The Court of Criminal Appeals denied Applicant's Habeas Corpus 11.07 without written order

on 3/06/13. He then filed a Federal Habeas Corpus that was also denied. It was after this denial

that through study Petitioner discovered the numerous due process violations that the trial court

had abused and the fraud on the court by the court. .

The trial Court focused it's violation of Applicant's Due Process rights under the U. S

Constitution 14th amendment and it's Fraud upon ( "Applicant's Motion for Severance of

Defendant and Offenses" ) Although the "Motion for Severance" never received a formal

hearing where a Judge either Granted or Denied the Motion with on the Record Factual

Findings, Judge Joel Johnson did at a pre trial for the Co defendant Hall SEVER Applicant's

trial from co defendant Hall. **See Ex # 8   10/23/08 Court Reporters Record Volume 4 of 11 page 5**

**line 16-25 and page 6 line 1-3.** Judge Johnson continued Hall's trial date to 1/5/09 and he reminded

Applicant's Defense Attorney Gilmore, The State, co defendant Hall, co defendant's attorney Stan

Turpin. and the Clerk of the Court, that he would be back in November to hear Applicant's case.

Applicant did not appear at this proceeding that took place on 10/23/08 and he did not appear at any

pre trial proceedings other than his Motion to Dismiss during the entire tine from 6/24/08 to 2/9/09.

He did not know about any pre trial hearings, as his attorney told him nothing about them.

The Court violated it's own Court Order when the Court failed to hold Applicant's Court Ordered Trial

on 11/03/08 .

6.

He did not know that Judge Johnson had Severed his trial. It was after the pre trial hearing on 10/23/08 when Officers of the Court accelerated their scheme to keep Applicant joined for trial by illegally REJOINING them for trial through Fake Proceedings and Motions and Orders.. After the Officer's of the Court violated Applicant's 14th amendment due process rights and through Officer's Fraud on the Court, Applicant was tried in a illegal joint trial with the co defendant, found guilty and sentenced to 99 years or life and a $10.000.00 fine. The Trial Court Judge certified into the Court of Appeals Corpus Christi, Texas a Fraudulent Judgment Record, that included fraudulent documents, and excluded the fraudulent proceedings that they used to rejoin Applicant's Trial with the co defendant. That same Judgment Record followed Applicant to this Court when he filed his 11.07 Habeas Corpus, and again when he filed his Federal Habeas Corpus.

Throughout the Memorandum that follows you will see through the review of the Trial Court Record itself just standing alone that Applicant did not know that Judge Johnson had severed his trial from the co defendant. You will see the use of fraud and the violation of his due process right to a fair and impartial trial, opportunity to be heard, and notice and how they were used to deceive him to convince him that his Timely filed "Motion for Severance of Defendant and Offenses " filed 7/31/08 See Ex# 1 had been Denied. The Trial Court Record reveals the Fraud and the numerous violations of due process used to illegally Convict Applicant and to enter a Void Judgment against him. It was not just one Officer of the Court that participated in the fraud but all of them.

The Trial Court and it's Officer's of the Court committed fraud and violated Applicant's right to Due Process under the U.S. Constitution Amendments 1, 6, and 14 and Article 1 and 10 of The Texas Constitution. **See: Ballard v. Hunter 204 , U.S. 241, 255 (1907). Palmer v. McMahon, 133 U.S. 660,668 (1890) and ICC v. Louisville and Nashville R 227 U.S. 88,93-94 (1913). and The Administrative Procedure Act, 5 USC 556(d). and Exparte Young 418 S. W. 2d 214.223.**

The trial court and it's officers committed fraud on the court when they set into motion a scheme

7.

calculated to interfere with the judicial system's ability impartially to adjudicate the matter of Applicant's properly filed Motion for Severance first and in doing so to influence the trier of fact and unfairly hampered the presentation of Applicant's Defense Motion and his NOT GUILTY claim. Fraud on the court occurs where it can be demonstrated, clearly and convincingly that a party has sentiently set into motion a scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. **AOUDE v. Mobil Oil Corp., 892 F.2d. 1115,1118 (1ˢᵗ Cir. 1989).** It is fraud that denies a losing litigant the opportunity to fully litigate at trial his rights or defenses that could have been asserted. **Alexander, 266 S W 2d @ 1001: King Ranch, Inc. v. Chapman, 118 S W 3d 742,752 (Tex. 2003).** Each of these conditions occurred at the illegal proceedings in Applicant's Cause No. A-08-5080-4CR.

## APLICANT'S CLAIMS/ GROUNDS FOR RELEIF

### Claim # 1.

The State and it's officers committed fraud and violated Applicant's Due Process Rights when first they brought the charges before the Grand Jury against Applicant and then when illegally joining Applicant to Defendants and Offenses in a 2 count indictment with Count (1) TPC 19.02 Murder and (Count 2) TPC Sec. 22.02 Assault/TPC71.02 Engaging in Organized Criminal Activity.

### Claim # 2.

**The Trial Court committed Fraud and Fraud upon the Court by the Court, when The Court and it's Officers.**

1.Entered into a scheme of deliberate misuse of the judicial process designed to defeat Applicant's Claim of Innocence by: Disobedience to the Orders of the Judiciary, relentless repeated fraudulent acts of the filing of fraudulent proceedings, documents, Orders, Motions, and Notices Through Lies, Omissions . Commissions and Concealment. ( **and** )

8.

2.Tampering with the Administration of Justice through acts designed to degrade the Judicial system and lying to the Court and to The Tier Of Fact. **3.** Certifying a Fraudulent Record into the 13th Court of Appeals, Criminal Court of Appeals Austin Texas, and the U.S District Court Southern District, Houston Texas

## Claim # 3.

**The Trial Court violated Applicant's Due Process Rights to a Fair and Impartial Trial,**

**Opportunity to Be Heard and Notice when the Trial Court:**

1. Disobeyed a Court Order and Failed to hold Applicant's Scheduled Court Ordered Jury Trial Date on 11-3-08.
2. Failed to Prosecute
3. Proceeded to a Joint Jury Trial after losing Jurisdiction to Proceed.
4. Violating Pre trial and Severance Statutory Procedures Title 1 Chapter 28 Article 28.01 Section 1(5) Section 2
5. TRCP 41 , Criminal Justice Standards Part 11 Standard 13.2.1 and Sec. 310
6. Violating Rules of Evidence 614(3)
7. Violating Govt.Code Title 2 Subtitle D.Chap.51Sec.51.901 Subsection J.

Violating Govt.Code Sec. 51.303 (a)(b) (1) and Subsection D.(c)
8. Violating TCCP Title 1. Chap. 2 Article 2.01
9. TCCP Title 1 Chapter 1 Article 1.05
10. Violating TRAP Rule 34.5 (a), (a)2
11. Violating Tx. R. Civ.301 TCCP Title 1. Chapter 28 Section1(5) and Section 2.

## Claim 4.

### Ineffective Assistance of Counsel

Applicant received Ineffective Assistance of Counsel under the 6th Amendment and Counsel in

fact stood as an Adversary while as an Officer of the Court he Committed Fraud on the Court,

and Violated Applicant's right to appear, opportunity to be heard and notice.

John Gilmore Applicant's Defense Attorney committed fraud on the court and violated

Applicant's Due Process when he lied to his client, to a potential jury pool, failed to represent

and defend applicant, participated in a scheme with other officer's of the court to rejoin

applicant's trial to that of the co defendant, failed to notify applicant about pre trial hearings,

appeared at hearings without applicant's knowledge , misrepresented applicant at pre trial

9.

hearings and at trial, concealed Orders of the court from applicant failed to secure a hearing

and decision on applicant's Motion for Severance and abandoned applicant's defense and

cooperated with State's attorney to convict.



## MEMORANDUM IN SUPPORT OF APPLICANT'S HABEAS CORPUS

## FACTS IN THE TRIAL COURT RECORD THAT SUPPORT APPLICANT'S CLAIM'S


### FACT 1.
### INDICTMENT
### Ex# 2

On 6/24/08 an Indictment was filed and Applicant was joined to 4 co-defendants and Offenses, Count

(1) Murder under Texas Penal Code Section 19.02 First Degree Felony

Count (2) Aggravated Assault under Texas Penal Code 22.02 and Organized Criminal

Activity under Texas Penal Code 71.02 First Degree Felony.

Applicant and one other co defendant were tried in a joint trial beginning on 2/9/09. The other 3 co

defendant's got plea deals and testified against Applicant.

### APPLICANT'S CLAIM UNDER 1 and 3

The State and it's officers committed fraud on the court and violated Applicant's Due Process Rights to

a fair and impartial trial with opportunity to be heard and notice, when they illegally joined Applicant

to Defendants and Offenses.

The State brought count 2 against Applicant to convince and confuse both the Grand Jury and the Trial

Court Jury that Applicant was a party to both counts charged in the Indictment and that he was a gang

10.

member when in fact they had no evidence of gang related offenses or membership to support the charge. Without evidence the charge could not be brought. However there was ample evidence that all other co defendants were members of a gang. The trial court record points to no evidence that

Applicant was a "gang member" with the exception of a so called gang expert that worked for the D.A Office.

The Rules for Joinder of Defendant's and Offenses are Statutory and it is a violation of due process when a court does not follow statutory procedures he loses jurisdiction and is barred from proceeding

See **Criminal Justice Standards Part ll Standard 13-2.1 and Sec. 310** Joinder of Offense.:Joinder is impermissible where the only nexus between (1) Defendants joined for trial is their participation in similar offense on different dates with a common third defendant the same transaction or series of transactions test of rule **8(b)** is not satisfied.

Applicant timely filed his Motion for Severance of Defendant's and Offenses on 7/31/08. **See Ex#1**

The trial Court did not hold a hearing and did not provide written factual findings of facts for denying or granting his Motion for Severance of Defendant's and Offenses. Applicant was denied Access to the Court and had no opportunity to be heard or notice.

Because the trial court violated U S Constitutional 14th Amendment Due Process Rights and Statutory Procedures The trial court lost jurisdiction to proceed to trial. **Johnson v. Zerbst 304 U.S 458**

**Sup.Ct.1938/:. Fay v. Noia 372 U.S. 391 63 S. Ct**

**. 822 9 Led 2d , Aoude v. Mobil Oil Corp. 892 F. 2d 1115, 1118(1ˢᵗ Circuit 1989). Alexander, 266**

**S.W. 2D @ 1001:King Ranch, Inc. v. Chapman, 118 S.W.3d 742,752 (Tex. 2003)**

11.

## FACT 2.

## INDICTMENT EX # 2

The indictment charges Murder under Texas Penal Code 19.02 Felony Murder

The Indictment does not charge Murder under Texas Penal Code 19.02 and Texas Penal Code

7.01, 7.02, or 7.03. (which describes "the law of parties").

The Jury found Applicant guilty under Count (1) of the indictment Murder under Texas Penal Code

19.02 which states:

**§ 19.02 MURDER.** (a) In this section:
(1)"Adequate cause" means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection.
(2)"Sudden passion" means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation.
(b)A person commits an offense if he:
(1) intentionally or knowingly causes the death of an individual;
(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life **that** causes the death of an individual; or

(3) commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.
(c) Except as provided by Subsection (d), an offense under this section is a felony of the first degree.
(d)At the punishment stage of a trial, the defendant may raise the issue as to whether he caused the death under the immediate influence of sudden passion arising from an adequate cause. If the defendant proves the issue in the affirmative by a preponderance of the evidence, the offense is a felony of the second degree.

## APPLICANT'S Claim UNDER 1,2 and 3

The State and the trial committed fraud and fraud upon the court when after the Jury found

Applicant Guilty of Count (1) under **Penal Code 19.02** MURDER the trial court did not order an

acquittal for the State's failure to prove the elements of Murder under **Penal Code 19.02**

Officer's of the Court continually introduced fraudulent evidence on the "law of parties" although

The indictment does not allege that Applicant committed the murder under Texas Penal Code 7.01,

7.02, or 7.03 in connection with the charge of murder under Texas Penal Code 19.02 . **See Ex# 2**

12

Indictment In Cause No. A-08-5080-4CR.

The Trial Court and it's officers prepared a fraudulent Charge of the Court Document

and read aloud "The Charge of the Court" then sent the physical paperwork into the Jury Room with

the Jurors where they used this charge to help ascertain the facts to convict Applicant of Murder. The

Charge of the Court looks little like what Texas Penal Code 19.02 requires to reach a Guilty verdict.

See Ex # **3** Charge of the Court in Cause No. A-08-5080-4CR.

The trial court and it's officers used this fraudulent " Charge of the Court" as part of a scheme to

confuse the jurors and to convict Applicant.

The charge of the court presented in open court and in document provides : you are instructed that the

law applicable to this case is as follows:

**COUNT ONE**

**1.**

Our law provides that a person commits murder if he intentionally or knowingly causes the death of an individual. ( it is true that this statement comports with **19.02 2 (b) 1.**

**2.**

A person acts knowingly or with knowledge, with respect to a result of his conduct when he is aware

that his conduct is reasonably certain to cause the result. (Nowhere under statute **19.02** is this

statement found)

A person acts knowingly, or with knowledge with respect to a result of his conduct when he is aware

that his conduct is reasonably certain to cause the result. (Nowhere under statue **19.02** is this statement

found. A "deadly weapon means a firearm. (Nowhere under statute **19.02** is this statement found.

Individual means a human being. ( Nowhere under Statute **19.02** is this statement found.

**3.**

**(There is absolutely nothing in number 3. that comports with Penal Code 19.02 Murder)**

Our laws provide that a person is criminally responsible as a party to an offense if the offense

13

committed by his own conduct , by the conduct of another for which he is criminally responsible or by both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense,he solicits encourages, directs aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to a crime.

## FACT 3.

## CAPIAS AND WAIVER OF ARRAINGMENT

**On 6/25/08 a Capias was issued under Applicant Chadrick B. Pate in Cause No. A-08-5080-4 CR See Ex# 3 Applicant's Criminal Docket Sheet.**

### APPLICANT'S CLAIM UNDER # 3

The trial court violated Applicant's Due Process when they issued a capias and confined him under a

fraudulent indictment.

The Grand Jury would have had to find probable cause to join Applicant in the indictment and because the requirements to join the offenses and defendants are statutory they would have had to determine that Applicant based on Officer Kirk and Brooks testimony that Applicant met the criteria under Criminal Justice Standards Part ll Standard 13-2.1 and Sec. 310 8(b) and they could not. Applicant does not have access to the courts files arrest records of all the co defendant's and his own and therefore cannot include in the exhibits, but the trial court has copies.

When the court violates due process it loses jurisdiction and cannot proceed. **Fay v. Noia 372 U.S. 391 63 S. Ct. 822 9 Led 2d.**

14.

## FACT 4.

### WAIVER OF ARRAIGNMENT

On 6/27/08 Waiver of arraignment was entered onto Applicant's Criminal Docket Sheet See **Ex# 4**

Applicant's Criminal Docket Sheet. **NO CLAIM**

### Fact 5.

### PRE TRIAL DATE AND ANNOUNCMENT DATE
### COURT REPORTER'S RECORD (NONE)

On 7/10/08 entered onto Applicant's Criminal Docket Sheet is **Ex# 4**

Case Set Pre trial 7/24/08
Ann. 7/31/08
JT 8/4/08

### APPLICANT'S Claim UNDER 3 and 4

### Ineffective Assistance of Counsel and Violation of Due Process and Statutory Procedures and Rules

Applicant did not appear at these proceedings and his Defense Attorney did not notify him or give him notice. Applicant's due process was violated when he was not allowed to appear, and be heard and notice. There is no recorded record of this proceeding. A court loses jurisdiction when it violates due process and loses jurisdiction. **TCCP Title 1 Chapter 1 General Provisions Article 1.05 Rights of Accused.** He shall have the right of being heard by himself or counsel or both. **Fay v. Noia 372 U.S. 391 63 S. Ct. 822 9 Led 2d.**

### Fact 3
### 7/24/08

### DISCOVERY RULED ON
### COURT REPORTS RECORD (NONE)

On 7/24/08 Entered onto Applicant's Criminal Docket Sheet is
Discovery Rulled On

15

## APPLICANT'S CLAIM UNDER 2,3, AND 4
### Fraud, Ineffective Counsel, and Violation of Due Process

Applicant did not appear at any Hearing on Discovery. The Court violated Applicant's due process right to imparitial fair trial, opportunity to be heard and notice and violation of statutory rule . There is ino recorded record of this proceeding. However there are Discovery Orders that Judge Janna Whately ruled on

Applicant's due process was violated, and this proceeding was concealed from him. **TCCP Title 1 Chapter 1 General Provisions Article 1.05 Rights of Accused.** He shall have the right of being heard by himself or counsel or both.**See TCCP Title 1. Chapter 28 Section (1)5 and Section 2 also see Fay v. Noia 372 U.S. 391 63 S. Ct. 822 9 Led 2d , Aoude v. Mobil Oil Corp. 892 F. 2d 1115, 1118(1ˢᵗ Circuit 1989). Alexander, 266 S.W. 2D @ 1001:King Ranch, Inc. v. Chapman, 118 S.W.3d 742,752 (Tex. 2003).**


### Fact 4
### 7/31/08

Motion for Continuance Granted / Reset Dates
COURT REPORTER'S RECORD (NONE)


On 7/31/08 entered onto Applicant's Criminal Docket sheet is **Ex#4**
MFC Granted
Ann. 9/25/08
J.T. 9/29/08.

### APPLICANT'S CLAIM UNDER 2,3, AND 4
### Fraudl Violation of Due Process and Statutory Procedures and Ineffective Counsel

There is no recorded record of this proceeding. Applicant did not appear at any proceeding on 7/31/08 he did not know that a motion for continuance had been granted or that an Announcement date of 9/25/08 had been set or that a Jury Trial date of 9/29/08 had been set. The trial court violated Applicant's due process rights to an impartial fair trial, opportunity to be heard and notice. And

16

violation of statutory procedure. **TCCP Title 1 Chapter 1 General Provisions Article 1.05 Rights of Accused.** He shall have the right of being heard by himself or counsel or both.

**TCCP Title 1 Chapter 28 Section (1)5 and Sec. 2. See: Fay v. Noia 372 U.S. 391 63 S. Ct. 822 9 Led 2d , Aoude v. Mobil Oil Corp. 892 F. 2d 1115, 1118(1ˢᵗ Circuit 1989). Alexander, 266 S.W. 2D @ 1001:King Ranch, Inc. v. Chapman, 118 S.W.3d 742,752 (Tex. 2003).**

## Fact 5.
## 7/31/08

Applicant's Motion for Severance of Defendant's and Offenses
It is not Recorded on Applicant's Criminal Docket Sheet EX # 4

Applicant filedl a timely Motion for Severance of Defendants and Offenses on 7/31/08

See **Ex# 1** Motion for Severance.

## APPLICANT'S CLAIM UNDER 2,3 AND 4
### Ineffective Assistance Violations of Due Process Fraud on the Court

District Clerk repeatedly failed to record Motions onto applicant's criminal docket sheet, Counsel did not object and Court did not correct. When a court violates due process it loses jurisdiction and cannot proceed , **Fay v. Noia 372 U.S. 391 63 S. Ct. 822 9 Led 2d , Aoude v. Mobil Oil Corp. 892 F. 2d**

**1115, 1118(1ˢᵗ Circuit 1989). Alexander, 266 S.W. 2D @ 1001:King Ranch, Inc. v. Chapman, 118 S.W.3d 742,752 (Tex. 2003).**

## Fact 6.
## 9/25/08
Court Reporter's Record Volume 2 of 9 Announcement  Chadrick B.Pate  A-08-5080-4CR **See Ex# 5**

States Motion for Continuance
**Applicant's Request for a Decision on his Motion for Severance of Defendants and Offenses.
Judge Wellborns Reason for Continuing the matter of the Motion for Severance to the next Pre Trial Hearing. District Clerk Duties and Reset Dates**

17

On 9/25/08 entered onto Applicant's Criminal Docket sheet is **Ex # 4**

States Motion to Continue Granted

Reset 11/3/08 Jury Trial

10/03/08 Announcement

10/23/08 Pre Trial.

## APPLICANT'S CLAIM UNDER 2,3 AND 4

**Ineffective Counsel. Violation of Due Process and Statutory Procedures Fraud on the Court by the Court**

Judge Michael Wellborn presided over this proceeding and those that appeared were Attorney John Gilmore and State's Attorney M. Rodriguez.

Applicant did not know about this hearing and did not appear. **TCCP Title 1 Chapter 1 General Provisions Article 1.05 Rights of Accused.** He shall have the right of being heard by himself or counsel or both. **See: Mentor v. Caswell (1997) 123 Ohio App. 3d. 256** Defendant was absent for unexplained reasons at time of suppression hearing, which proceeded with participation of counsel and co -defendant , The defendant had a right to be present and denial of Continuance was abuse of discretion. In Applicant's case he had a right to the Severance and denial of same was an abuse of discretion.

He had a right to challenge the judges reasons for not ruling on his Motion for Severance then.

He had a right to challenge the State's Motion for Continuance. **TCCP Title 1 Chapter 1 General Provisions Article 1.05 Rights of Accused.** He shall have the right of being heard by himself or counsel or both. At this hearing The State filed a Motion for Continuance and Judge Wellborn Granted the Motion Attorney John Gilmore Applicant's Defense Attorney requested a Decision on Applicant's Motion for Severance of Defendant's and Offenses that had been filed timely on 7/31/08. See **Ex#5** Court Reporters Record vol 2 of 9 pages 3 line 9-25 and page 4 lines 1-4.

Judge Wellborn continued the Matter of the Severance stating that the reason was that he was waiting

*18*

to find out if he was going to need to appoint the Co defendant Christopher Hall a new attorney. **See Ex#5 page 3 lines 13-18.** Judge Wellborn gave no valid reason to continue the matter of the Severance.

At the hearing although he had continued the Matter of the Severance until the next pre trial date he signed, dated and granted an Order for Severance. **Ex# 6 Order Granting Severance.**

Judge Wellborn made no effort that day or any day to reverse the Order Granting the Severance. When a judge does not follow statutory procedures he violates the defendant's right to due process and loses jurisdiction to proceed. **Fay v. Noia 372 U S 391 63 S. Ct. 822. 9 Led 2d.**

The District Clerk did not first enter the Order onto Applicant's Criminal Docket Sheet, and did not urge another Order reversing the action of the Judge nor did the clerk make any notation on the record of this order, instead the District Clerk kept the Order in Applicant's file, and later filed the Order into the Applicant's Judgment Record and certified it as an Overruled Motion on the Severance and then certified it into The 13th Court of Appeals Corpus Christi, Texas then later told Applicant's Habeas Investigator Stacey Deville **See Ex # 7 Deville's Affidavit.** that the Granted Order was just a piece of paper in the Applicant's file.

The District Clerk committed fraud upon the court for purposeful failure to complete the duties of the office. The District Clerk with other officer's of the court by this failure illegally disposed of Judge Joel Johnson's Oral Order severing Co defendant's trial from Applicant's trial date, **See Ex# 8 Court Reporter's Record Volume 4 of 11 page 5 lines 14-25 and page 6 lines 1-3.(Oral Order)**

The failure to enter the proper proceedings onto the applicant's criminal docket sheet and or the trial court's record concealed the Order of the Court from the Court and the Applicant. Fraud is defined as trickery or deceit, intentional misrepresentation concealment or nondisclosure, for the purpose of inducing another in reliance upon it to part with some calculable thing belonging to him or a false representation of a matter of fact by words, conduct or by concealment of what should have been

**19**

disclosed that deceives or is intended to deceive another so that he shall act upon it to his legal injury (emphasis added) **In re: E.P. 185 S.W.3d 908 (Tex. App. -Austin 2006).**

The Clerk of the Court has custody of and shall carefully maintain and arrange the records relating to or lawfully deposited in the clerk's office the clerk shall record the acts and proceedings of the court and enter all judgments of the court under the direction of the judge. **Govt. Code Sec. 51.303 Duties of the Clerk.**

In a Post Conviction Letter dated October the 5th 2012 **See Ex# 9  Letter from Judge Wellborn** in Response to Habeas Attorney Carrie Crisps letter **Ex# 10** to him asking for an explanation He explained that he had signed the Order Granting the Motion by Mistake, and that he had meant to sign the Order on The State's Motion for Continuance.

Even after he was notified of this, he made no effort to issue a Nunc Pro Tunc Order reversing his decision and by this time the Court of Appeals had already denied Applicant's Appeal.

Applicant did not waive his right to appear at pre trial proceedings .

This was an announcement where Applicant's Motion for Severance was a Defense Motion , and any decision on his motion would decide the course of his entire trial and direct his defense strategy. There was no reason that the motion could not have been decided that day.

The State's attorney had not made any objection to the Motion for Severance either that day or any day prior to 9 25/08. Applicant filed his motion on 7/31/08 and certified a copy to the States attorney. **See Ex# 1 page 2.**

Neither Judge Wellborn  John Gilmore or the State questioned why defendant was not present at the hearing . The Manner in which the proceedings were conducted displays a clear deception and fraud. These Officer's of the Court committed Fraud upon the Court by the Court. "Fraud Upon the Court" has been defined as that fraud committed by an officer of the court in any attempt to deceive, either by commission, by omission,by speech, by silence, by gesture, by innuendo by look, etc. Whenever this

20

fraud is committed by any attorney or judge, it is a "Fraud upon the Court" **In Eugene Lee Armentrout et. al., Ill. 2D 242 75 Ill Dec 703 457 N.E.2d 1262 (1983): Regenold v. by Fold, Inc., 68 Ill. 2D 419,435 12 Ill Dec. 151.369 N.E. 2D 858 (1977) ; In re Lamberis, 93 Ill. 2D 222,229, 66 Ill.Dec.623, 443 N.E.2d 549 (1982); Bulloch v. United States k 763 F 2d 1115,1121 (1985); Root Refining Co. v. Universal Oil Products Co., 169 F2d 514 (1948).**

Fraud is defined as trickery or deceit, intentional misrepresentation concealment or nondisclosure, for the purpose of inducing another in reliance upon it to part with some calculable thing belonging to him or a false representation of a matter of fact by words, conduct or by concealment of what should have been disclosed that deceives or is intended to deceive another so that he shall act upon it to his legal injury.**(emphasis added) In re: E.P. 185 S.W.3d 908 (Tex. App. -Austin 2006)**

**Title 1 Chapter 28 Article 28.01 Pre Trial Section 1.** (defendant's presence is Required at any pre trial hearing) **(5)** Motions for continuances either by the State or defendant provided that grounds for continuance not existing or not known at the time may be presented and considered at any tine before the defendant announces ready for trial. Section 2 When a criminal case is set for such pre trial hearing any such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown; provided that the defendant shall have sufficient notice of such hearing to allow him not less than 10 days in which to raise or file such preliminary matters. The record made at such pre trial hearing the rulings of the court and the exceptions and objections thereto shall become a part of the trial record of the case upon it's merits. **Texas CR. Code Ann:29.02 Article 29.02:** By agreement A criminal action may be continued by consent of the parties thereto, in open court at any time on a showing of good cause, but a continuance may be only for as long as necessary.

**TCCP Title 1 Chapter 1 General Provisions Article 1.05 Rights of Accused.** He shall have the right

21

of being heard by himself or counsel or both. The Trial Court had already lost Jurisdiction over the Applicant and the matter at this 9/25/08 proceeding but continued on with Illegal Proceedings.

## Fact 7.
## 10/23/08

Court Reporters Record Volume 3 of 9  Chadrick B. Pate A-08-5080-4CRMotion to Dismiss **EX# 11**

Entered onto Applicant's Criminal Docket sheet is **EX #4**
10/23/08  Case called for Pre 'trial Conference

### APPLICANT'S CLAIM UNDER 3, AND 4
### Ineffective Counsel Violation of Statutory Procedures

Judge Joel Johnson  presided over this proceeding and those appearing were Applicant (the only pre trial proceeding that he was allowed to appear) Defense Attorney John Gilmore and States Attorney M Rodgrigez.

This hearing was on Applicant's Motion to Dismiss the Indictment for the Jail and Detectives violation of his 6th Amendment due Process  Violation of Attorney Client Privilege.

All prisoners were transported to another jail in Crystal City due to a Hurricane Warning, and before the State transported Applicant he prepared all of his Notes that he had made for his Defense Attorney on his Defense. He had records on discovery at this point and was able to rebut co defendant's claims. Before leaving for transport the jail told Applicant that he could not take his paperwork. He told them that it was unlawful for them to not allow him to take his paperwork. The told him to put the paperwork in a clear plastic bag and label it with his name and the title of the papers and then to place it on top of his bunk. He did so. When he returned, his bag of paperwork was missing. He demanded it back and supposedly the jail personnel said they looked but could not find it. Applicant was told by an

22

Honest Jailer that he had seen two of the other jailer take it out to a dumpster and place it there and afterward he saw two of the Investigators retrieve the bag form the Dumpster.

Judge Johnson. Denied the Motion to Dismiss without written order, he did not record any factual findings on the record for his Decision to Deny Applicant's Motion. When a judge does not follow statutory procedures, he loses jurisdiction to proceed. **Fay v. Noia 372 U.S. 391 63 S. Ct. 822 9 Led 2d.**

John Gilmore did not ask Judge Johnson for a Decision on Applicant's Motion for Severance of Defendant and Offenses however Judge Johnson told Gilmore that Applicant's trial date was for 11/03/08 and that he would be the Presiding Judge. **See Ex# 11 page 33 line 8-21**

**Fact 8.**
**10/23/08**

APPLICANT'S CASE WAS SEVERED
COURT REPORTER RECORD VOLUME 4 OF 11 CHRISTOPHER HALL A-08-5080-2CR
PRE TRIAL **SEE EX# 8**

Entered on Christopher Hall's Criminal Docket sheet is **Ex# 12**
Reset: 1/5/08 9.00am
12/22/08 9.00am
11/25/08 9.00am

**APPLICANT'S CLAIM UNDER 2,3 AND 4**
**FRAUD ON THE COURT BY THE COURT, INEFFECTIVE CONUSEL, VIOLATION OF DUE PROCESS AND STATUTORY PROCEDURES**

At this pre trial hearing Judge Joel Johnson also presided. Those present were: Christopher Hall, his defense Attorney Stan Turpin, States Attorney Flanigan and Rodrigues and John Gilmore Applicant's Defense Attorney..The Applicant did not appear.

23

Stan Turpin co defendant Christoper Hall's Defense Attorney (he was co defendant's second court appointed attorney. The first court appointed attorney was Tamara Cochran who was hired at the County Attorney's office and could no longer represent Hall) asked for a Continuance and Judge Johnson granted the co defendant's Motion to Continue and Reset his Jury Trial Date to 1/5/09, Announcement 12/22/09 and Pre trial 11/25/09. **See EX # 8 Volume 4 of 11 page 3 line 22-23 page 5 line 1-25 page 6 line 1-24.**

Right after Judge Johnson granted the continuance, Mr. Gilmore Applicant's attorney said to Judge Johnson, Judge I have a co defendant in this matter,and then immediately The States Attorney told Judge Johnson that they would like to carry Applicants case as well. Judge Johnson told John Gilmore that he was hearing Applicant's case when he came back in November. **See page 5 lines 15-25 and page 6 lines 1 -6.** Judge Johnson had already told Gilmore at the pre trial hearing just prior to this one that he was coming back in November to hear Applicant's case and he had reaffirmed the trial date of 11/3/08. John Gilmore abandoned Applicant's defense and assisted the State's Attorney in an attempt to keep the trials of Applicant and Co defendant joined.

John Gilmore and the State's attorney knew from the beginning that Applicant had a right to be at these hearings and that he had not waived his rights to appear, and they continued to appear at proceedings where his defense and pre trial matters were a part of the proceedings, these officer's of the court concealed proceedings from him all together. These officer's of the court committed fraud on the court and fraud in an effort to keep knowledge of these proceedings from the Applicant. "Fraud Upon the Court" has been defined as that fraud committed by an officer of the court in any attempt to deceive, either by commission, by omission,by speech, by silence, by gesture, by innuendo by look, etc. Whenever this fraud is committed by any attorney or judge, it is a "Fraud upon the Court"

**In Eugene Lee Armentrout et. al., Ill. 2D 242 75 Ill Dec 703 457 N.E.2d 1262 (1983): Regenold v. Baby Fold, Inc., 68 Ill. 2D 419,435 12 Ill Dec. 151.369 N.E. 2D 858 (1977) ; In re Lamberis, 93 Ill. 2D 222,229, 66 Ill.Dec.623, 443 N.E.2d 549 (1982); Bulloch v. United States k 763 F 2d 1115,1121 (1985); Root Refining Co. v. Universal Oil Products Co., 169 F2d 514 (1948).**

Clearly Judge Johnson had severed the cases and the trials of Applicant and the co defendant when he made it clear to the State's Attorney that Hall's new Trial Date would be 1/5/09 and that he was coming back in November to preside over Applicant's Trial that had been set for 11/3/08.

The District Clerk did not enter Judge Johnson Oral Order that severed the cases onto Applicant's Criminal Docket Sheet or onto any other trial court record. Only the Court Reporter's Record **Ex# 8** reflects the Severance.

The District Clerk did not issue a new Cause No. on either Applicant's case or co defendant case

There was no need for a hearing to decide which defendant would go to trial first, as Judge Johnson had just set the co defendant's trial date to 1/5/09 far ahead of Applicant's 11/03/08 trial date.

The District C lerk committed fraud upon the court for purposeful failure to complete the duties of the office. The District Clerk with other officers of the court by this failure illegally disposed of Judge Joel Johnson's order severing Co defendant's trial from Applicant's trial date. The failure to enter the proper poceedings onto the applicant's criminal docket sheet and or the trial court's record concealed the Order of the Court from the Court and the Applicant. Fraud is defined as trickery or deceit, intentional misrepresentation concealment or nondisclosure, for the purpose of inducing another in reliance upon it to part with some calculable thing belonging to him or a false representation of a matter of fact by words, conduct or by concealment of what should have been disclosed that deceives or is intended to deceive another so that he shall act upon it to his legal injury.**(emphasis added) In re: E.P. 185 S.W.3d 908 (Tex. App. -Austin 2006).**

25

The Clerk of the Court has custody of and shall carefully maintain and arrange the records relating to or lawfully deposited in the clerk's office the clerk shall record the acts and proceedings of the court and enter all judgments of the court under the direction of the judge. **Govt. Code Sec. 51.303 Duties of the Clerk.**

Although Judge Joel Johnson did not hold a statutorily required hearing and enter factual findings on the record, and a Written Order Granting or Denying Applicant's Motion for Severance, he did sever the trial of Applicant and the co defendant. When a judge does not follow statutory requirements he loses jurisdiction and cannot proceed. **Fay v. Noia 372 U.S. 391 63 S. Ct. 822 9 Led 2d, Aoude v. Mobil Oil Corp. 892 F. 2d 1115, 1118(1ˢᵗ Circuit 1989). Alexander, 266 S.W. 2D @ 001:King v. Ranch, Inc. v. Chapman, 118 S.W.3d 742,752 (Tex.2003)**

**Fact 9.**
**10/30/08**

**FRAUDULENT PROCEEDINGS ENTERED ONTO APPLICANT'S CRIMINAL DOCKET SHEET**
**SEE EX#4**
**«COURT REPORTER'S RECORD ON 10/30/08 PROCEEDINGS (NONE)**

Entered onto Applicant's Criminal Docket Sheet is **Ex#4**
Defendants Motion for Continuance
Reset 1/5/09 Jury Trial
  12/22/08 Announcement
  2/9/09 Jury Trial

**APPLICANT'S CLAIM UNDER 2, 3 AND 4**
**Fraud on the Court Violation of Due Process and Statutory Procedures Ineffective Counsel**

Applicant did not appear or know about any proceedings for 10/30/08 Applicant's attorney did not advise him of any proceedings and did not tell him about any continuance. There were no scheduled proceedings for 10/30/08. **TCCP Title 1 Chapter 1 General Provisions Article 1.05 Rights of Accused:** He shall have the right of being heard by himself or counsel or both.

Applicant was not notified of any proceedings for 10/30/08 either by his Attorney or the Court.

26

Applicant was not before the court for adjudication the court had already lost jurisdiction. **Mapco Inc. Forrest, 795 S. W. 2d 700, 703 (Tx. 1990).** These fraudulent proceedings are not recorded by a Court Reporter and are not in the Court's Records. The trial court was without jurisdiction to proceed that parties may have agreed to it are immaterial. The verbal, written or illegally disposed of order, that appeared to allow the court to proceed was in violation of the 1st amendment to the Constitution. **Near Minnesota ex rel. Olson, 283 U. S. 697, 51 S. Ct. 625, 75 L.Ed, 1357 (1931), Shelly v. Karmer, 334 U.S. 1: 68 S: Ct. 836 92 L. Ed 1161 (1948);**

Once a court orders per trial orders the court cannot disregard it's own orders. **Dennis v. Haden, 867 S. W. 2d 48,51 Tex. App.(1933).** A court's jurisdiction at the beginning of trial may be lost in the court of the proceedings due to complete the court as the 14th amendment requires. If the U.S. Constitution amendments are not complied with the court loses jurisdiction to proceed. **Johnson v. Zerbst 304 U.S. 458 Sup. Ct. 1938.**

The District Clerk entered fraudulent proceedings onto the Applicant's Criminal Docket Sheet and perhaps onto other Court Records that have been concealed from him. The District Clerk committed fraud on the court and the Applicant. The District Clerk committed fraud upon the court for purposeful failure to complete the duties of the office. The District Clerk with other officers of the court by this failure illegally disposed of Judge Joel Johnson's order severing Co defendant's trial from Applicant's trial date. The failure to enter the proper proceedings onto the applicant's criminal docket sheet and or the trial court's record concealed the Order of the Court from the Court and the Applicant. Fraud is defined as trickery or deceit, intentional misrepresentation concealment or nondisclosure, for the purpose of inducing another in reliance upon it to part with some calculable thing belonging to him or a false representation of a matter of fact by words, conduct or by concealment of what should have been disclosed that deceives or is intended to deceive another so that he shall act upon it to his legal injury.(emphasis added) **In re: E.P. 185 S.W.3d 908 (Tex. App. -Austin 2006)**

27

The Clerk of the Court has custody of and shall carefully maintain and arrange the records relating to or lawfully deposited in the clerk's office the clerk shall record the acts and proceedings of the court and enter all judgments of the court under the direction of the judge. **Govt. Code Sec. 51.303 Duties of the Clerk.**

**Fact 10.**

**11/03/08**

Scheduled Trial Date for Applicant Chadrick B. Pate in Cause A-08-5080-4CR

Court Reporters Record 11/03/08 Trial Proceedings (None)

Courts Violation of it's Court Ordered
Trial Date Of 11/3/08 In Cause No. A-08-5080-4CR Chadrick B Pate **Reporters Record Volume 2 of 9 Ex# 5**

**APPLICANT'S CLAIM UNDER 2,3, AND 4**
**Fraud on the Court by the Court, Ineffective Counsel**
**Violation of Due Process and Statutory Procedure and Rules.**

The court did not provide a court ordered jury trial for the applicant on 11/03/08 and stated no reason for failing to do so and gave applicant NO notice. Applicant's Attorney provided no reason or notice, and there is no Recorded Record of any Proceeding that effected a change in Applicant Court Ordered Trial Date.

A court's jurisdiction at the beginning of trial may be lost in the court of the proceedings due to complete the court as the 14th amendment requires. If the U.S. Constitution amendments are not complied with the court loses jurisdiction to proceed. **Johnson Zerbst 304 U.S. 458 Sup. Ct. 1938.**

There are no legitimate court proceedings that overrules or voids Applicant's Court Date. The court had no jurisdiction to proceed to a joint trial or a separate trial of Applicant or to hold any other proceedings other than Acquittal. The trial court was without jurisdiction to proceed that parties may have agreed to it are immaterial. The verbal, written or illegally disposed of order, that appeared

28

to allow the court to proceed was in violation of the 1ˢᵗ amendment to the Constitution. **Near v. Minnesota ex rel. Olson, 283 U. S. 697, 51 S. Ct. 625, 75 L.Ed, 1357 (1931), Shelly v. Karmer, 334 U.S. 1. 68 S. Ct. 836 92 L. Ed 1161 (1948).** Once a court orders per trial orders the court cannot disregard it's own orders. **Dennis v. Haden, 867 S. W. 2d 48,51 Tex. App.(1933).**

See: **Fay v. Noia 372 U.S. 391 63 S. Ct. 822 9 Led 2d , Aoude v. Mobil Oil Corp. 892 F. 2d 1115, 1118(1ˢᵗ Circuit 1989). Alexander, 266 S.W. 2D @ 1001:King Ranch, Inc. v. Chapman, 118 S.W.3d 742,752 (Tex. 2003).**

**Fact 11.**

**11/25/08**

CO DEFENDANT CHRISTOPHER HALL PRE TRIAL HEARING A-08-5080-2CR COURT REPORTER RECORD VOLUME 5 OF 11 **EX# 13**

FRAUDULENT DISCUSSIONS OF APPLICANT'S MOTION FOR SEVERANCE AND TRIAL DATES.

**APPLICANT'S CLAIM UNDER 2,3, AND 4**
**Ineffective Counsel, Fraud on the Court by the Court, Violation of Due Process a Statutory Procedures and Rules**

Judge Michael Wellborn presided over this pre trial hearing with co defendant Hall appearing with his Defense Attorney Stan Turpin and State's Attorney M. Rodrigues.

Applicant Chadrick Pate did not appear nor did his Defense Attorney John Gilmore. Applicant was not before the court for adjudication the court had already lost jurisdiction. **Mapco Inc. v. Forrest, 795 S. W. 2d 700, 703 (Tx. 1990) .**

At this proceeding Judge Wellborn, Stan Turpin and M. Rodrigues discussed Applicant's pre trial motions and trial date when he was not present or represented. The Court had already lost jurisdiction over Applicant and the Subject Matter, and committed fraud on the court by the court in having these discussions that would make it appear that Applicant was still in the jurisdiction of the court. A court's

29

jurisdiction at the beginning of trial may be lost in the court of the proceedings due to complete the court as the 14th amendment requires. If the U.S. Constitution amendments are not complied with the court loses jurisdiction to proceed. **Johnson v. Zerbst 304 U.S. 458 Sup. Ct. 1938.**

There are no legitimate court proceedings that overrules or voids Applicant's Court Date. The court had no jurisdiction to proceed to a joint trial or a separate trial of Applicant or to hold any other proceedings other than Acquittal. The trial court was without jurisdiction to proceed that parties may have agreed to it are immaterial. The verbal, written or illegally disposed of order, that appeared to allow the court to proceed was in violation of the 1st amendment to the Constitution. **Near v. Minnesota ex rel. Olson, 283 U. S. 697, 51 S. Ct. 625, 75 L.Ed, 1357 (1931), Shelly v. Karmer, 334 U.S. 1. 68 S. Ct. 836 92 L. Ed 1161 (1948).** Once a court orders per trial orders the court cannot disregard it's own orders. **Dennis v. Haden, 867 S. W. 2d 48,51 Tex. App.(1933).**

**See page 3 lines 7-25** This is a discussion between Judge Wellborn, Stan Turpin, and M. Rodrigues where Judge Well born is first advised by Stan Turpin that he has talked with the State and Mr. Gilmore who has the co defendant Pate and he has Mr. Hall. He then advises Judge Wellborn that his client has a motion for severance that was submitted by Hall's former attorney Cochran-May and they were not going to go forward on that motion and that he had talked to his client who was in agreement . He then advised Judge Wellborn that he has cheeked with Mr. Gilmore and it's his understanding that Mr. Gilmore is in agreement with that too unless his client tells him something different, and that was his understanding.

Then Judge Well born asks who is the defendant then there is a discussion about the name between Judge Wellborn, Stan Turpin and States attorney Rodrigues when they finally get the name right. **SEE Reporters Record Vol 5 of 11 page 4 lines 1-13.**

Judge Wellborn ask when Pates trial date is scheduled Stan Turpen answers Right now on January

30

the 5th. Judge Wellborn responds Okay well both cases on the same trial docket at this time? M.

Rodriguez responds Yes, your Honor. Judge Wellborn responds Okay well its kind of hard to try them

on the same time if it's not on the same docket.

Mr. Turpen responds I understand Judge. Judge Wellborn responds Minor technicality.

Then a Deputy Clerk responds And also Mr. Gilmore is not supposed to be here on the 5th. He will be

on vacation till the 9th **See page 6 lines 2-7.** Stan Turpin : Judge, what I would like to do on that is

leave it in the file just in case we need it because I did talk to Mr. Gilmore. Gilmore says he didn't see

any reason to sever unless his client told him otherwise , but I haven't talked back with him to know

that, and I don't think he has a motion on file.

At the time of this discussion applicant's trial date had already been severed from that of the co

defendant Christopher Hall and the Trail Court refused to proceed to trial. Applicant was not before the

court for adjudication the court had already lost jurisdiction. **Mapco Inc. v. Forrest, 795 S. W. 2d
700, 703 (Tx. 1990).**

The trial court and it's officers had already begun entering and concealing fraudulent proceedings,

motions. Orders, and trial dates onto Applicant's Criminal Docket Sheet.

This discussion among officers of the court without appearance of Applicant and his Attorney is fraud

and a violation of Applicant's due process right to be present, opportunity to be heard and notice. This

is a manipulation of the judiciary and concealment of proceedings from Applicant.

**JOHNSON V. ZERBST 304 U.S. 458 Sup. Ct. 1938 and Fay v. Noia 372 U.S. 391 63 S.**

**Ct. 822 9 Led. 2d , Aoude v. Mobil Oil Corp. 892 F. 2d 1115, 1118(1st Circuit 1989). Alexander, 266**

**S.W. 2D @ 1001:King Ranch, Inc. v. Chapman, 118 S.W.3d 742,752 (Tex. 2003).**

## Fact 12.

## 12/22/08

## FRAUDLENT PROCEEDINGS ENTERED ON BOTH APPLICANT CHADRICK B. PATE AND CO DEFENDANT CHRISTOPHER HALL'S CRIMINAL DOCKET SHEETS

### SEE EX # 4
### AND EX# 12

### COURT REPORTER'S RECORD FOR 12/22/08 PROCEEDINGS (NONE)

On Applicant's Criminal Docket Sheet the following fraudulent proceedings are entered. **Ex#4**
Continuance Granted
Reset 2/9/09 Jury Trial
2/5/09 Announcement

On Co Defendant Christoper Hall's Criminal Docket Sheet the following fraudulent proceedings are entered. Ex# 12
12/22/08 Continuance Granted.
Reset to Feb. Trial Docket

### APPLICANT'S CLAIM UNDER 2,3, AND 4
**Fraud on the Court by the Court, Ineffective Counsel, Violation of Due Process and Statutory Procedures and Rules.**

Applicant did not know about any 12/22/08 proceedings and did not appear at any such proceedings.

Applicant was not told by his attorney or the Court about any proceedings for 12/22/08. Applicant was

not before the court for adjudication the court had already lost jurisdiction. **Mapco Inc. v. Forrest, 795 S. W. 2d 700, 703 (Tx. 1990).**

Applicant does not know if co defendant asked for a continuance or if he appeared at any 12/22/08

proceedings, however the Trial Court Record clearly reflects that there was no such proceedings

recorded on the record of the court.

These illegal entry's onto Applicant's Criminal Docket Sheet were all a part of the scheme by officer's

of the court to make it appear that the court still had jurisdiction over the Applicant and the subject

matter when in fact jurisdiction had been lost. Fraud occurs when a party sets into motion a scheme

32

calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense **Aoude v. Mobil Oil Corp. 892 F 2d 1115,1118 (1ˢᵗ Cir. 1989).**

Applicant was not before the court for adjudation the court had already lost jurisdiction. **Mapco Inc. v. Forrest, 795 S. W. 2d 700, 703 (Tx. 1990).**

The Court had already lost jurisdiction for the violation of the Applicant's 14ᵗʰ amendment rights.

## JOHNSON V. ZERBST 304 U.S. 458 Sup. Ct. 1938.

### Fact 13.

### 2/5/09

FRAUDLENT PROCEEDINGS ENTERED ONTO APPLICANT'S CRIMINAL DOCKET SHEET
**SEE EX#4**

COURT REPORTER'S RECORD FOR 2/5/08 UNDER APPLICANT'S NAME OR CAUSE
NUMBER (NONE)

The following fraudulent proceedings were entered onto Applicant's Criminal Docket Sheet.

2/5/09 **All Ready**

### APPLICANT'S CLAIM UNDER 2,3 AND 4
**Fraud on the Court by the Court, Ineffective Counsel, Violation of Due Process and Statutory Procedures and Rules**

Officer's of the court continued their scheme to defraud the court and the applicant and to influence the tier of fact. Fraud occurs when a party sets into motion a scheme calculated to interfere with the judicial systems' ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. **Aoude v. Mobil Oil Corp. 892 F. 2d 1115, 1118 (1ˢᵗ Cir. 1989).**

Applicant did not know about any such proceedings and did not appear at any such proceedings and was not told by his attorney or the Court about any such proceedings. **He did not announce ready.**

33

Applicant was not before the court for adjudication the court had already lost jurisdiction. **Mapco Inc. v. Forrest, 795 S. W. 2d 700, 703 (Tx. 1990)**.

**Fact 14.**

**2/5/09**

CHRISTOPHER HALL PRE TRIAL HEARING CAUSE NO. S-08-5080-2 VOLUME 5-A OF 11
**SEE EX # 14**

FRAUDULENT CASE NUMBER AND VOLUME NUMBERS WERE ENTERED ON CO DEFENDANT CHRISTOPHER HALL'S 2/5/09 PRE TRIAL HEARING COURT REPORTERS RECORD.

This hearing with the fraudulent cause number and volume numbers was not entered onto the co

defendant's judgment roll under the table of contents that listed all the other volume numbers and

cause numbers in the trial court recorded proceedings. **SEE EX# 15 page 2 of Reporters /record**

**Volume 1-11 MASTER INDEX**

**FACT 15**
**2/5/09**

FRAUDULENT DISCUSSION OF APPLICANT'S DECISION ON PUNISHMENT BETWEEN JUDGE WHATLEY AND DEFENSE ATTORNEY JOHN GILMORE

CONCEALMENT OF FRAUDULENT PROCEEDINGS

**APPLICANT'S CLAIM UNDER 2,3, AND 4**
**Fraud and Fraud om the Court, Ineffective Counsel, Violation of Due Process and Statutory Procedures and Rules**

Co defendant Christoper Hall's **Ex# 16 Indictment, Ex# 12 Criminal Docket Sheet, and all other Court Reporter's Records Ex#'s //////////////////////////**
identify Hall's Cause **No. A-08-5080-2CR not S-08-5080-2**

The Court Reporter's Record show under Christopher Halls Recorded Proceedings Volumes

1-11. these Volumes are listed in the Courts Table of Contents of the Co Defendant's Judgment Roll

that was submitted to the 13th Court of Appeals Corpus Christi Texas Cause No. 2:12-cv-00093.

34

The Court Reporters Record actually contain 12 volumes on Christopher Hall's pre trials. But the 12th Volume is styled Court Reporters Record Volume 5-A of 11 and instead of the proper Cause No. of A -08-5080-2CR. it is represented as S-08-5080-2.

**See EX# 15 3RD PAGE    TABLE OF CONTENTS**

**Volume 1 of 11    Master Index**
**Volume 2 of 11    Pre trial Motions  (7/24/08) ( there is no Court Reporter's Record on this)**
**Volume 3 of 11    Announcement     (9/25/08)**
**Volume 4 of 11    Pre Trial Hearing (10/23/08)**
**Volume 5 of 11    Pre Trial Hearing (11/25/08)**
**Volume 6 of 11    Jury Trial  Voir Dire Proceedings (2/9/09)**
**Volume 7 of 11    Jury Trial  Guilt Innocence (2/9/09)**
**Volume 8 of 11    Jury Trial  Guilt Innocence (2/10/09)**
**Volume 9 of 11    Jury Trial Guilt Innocence  (2/11/09)**
**Volume 10 of 11   Jury Trial Guilt Innocence  (2/12/09)**
**Volume 11 of 11  Punishment-Sentencing      (2/13/09)**

2/5/09 Court Reporters Record **Volume 5-A of 11 was not recorded** onto the Table of Contents of co defendant's Judgment Roll like all the other above listed volumes were, and was not submitted to The 13th Court of Appeals where co defendant filed his Appeal.. Judge Whately and Pam Heard the District Clerk submitted a fraudulent Judgment Record to the Courth of Appeals This fraudulent **Cause No** entered onto the Court Reporters Record and fraudulent volume number is part of the scheme that the officer's of the  court participated in to conceal proceedings from the court and applicant and influence the tier of fact,. and deceive any future proceedings held by any other officer's of the court.

At this hearing, Trial Judge Janna Whately presided and those that appeared were Co defendant Christopher Hall with his Attorney Stan Turpin, State's Attorney Patrick Flanigan, and Applicant's Defense Attorney John Gilmore.   Applicant did not appear. Applicant was not before the court for adjuration the court had already lost jurisdiction. **Mapco Inc. v. Forrest, 795 S. W.  2d 700, 703 (Tx. 1990).** Judge Whatley and all the other officer's in appearance schemed to make it appear that Applicant had announced Ready for trial when he was not before the court for adjudication and did no announce ready for trial this scheme included keeping the Applicant and the co defendant joined for the trial held on 2/9/09.   Officer's of the court continued their scheme to defraud the court and the applicant and to influence the tier of fact. Fraud occurs when a party sets into motion a scheme calculated to interfere with the judicial systems' ability impartially to adjudicate a matter by

35

improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. **Aoude v. Mobil Oil Corp. 892 F. 2d 1115, 1118 (1st Cir. 1989).**

The Court had already lost jurisdiction for the violation of the Applicant's 14th amendment rights. **JOHNSON V. ZERBST 304 U.S. 458 Sup. Ct. 1938.** The court had no jurisdiction to proceed to a joint trial or a separate trial of Applicant or to hold any other proceedings other than Acquittal.

The trial court was without jurisdiction to proceed that parties may have agreed to it are immaterial.

The verbal, written or illegally disposed of order, that appeared to allow the court to proceed was in violation of the 1st amendment to the Constitution. **Near v. Minnesota ex rel. Olson, 283 U. S. 697, 51 S. Ct. 625, 75 L.Ed, 1357 (1931), Shelly v. Karmer, 334 U.S. 1. 68 S. Ct. 836 92 L. Ed 1161 (1948).**

Once a court orders per trial orders the court cannot disregard it's own orders. **Dennis v. Haden, 867 S. W. 2d 48,51 Tex. App.(1933).**

At this pre trial hearing Judge Janna Whately did not call Applicant's Name or Cause Number, she did not call co defendant Hall's name or cause number. However at the very beginning of the proceedings Flanigan announced Ready on Hall **see Ex#14 page 3 lines 3-5.** Flanigan never announced ready on Pate, and John Gilmore never announced Ready on Pate.

After some discussions on Hall's pre trial motions, Stan Turpin finally announced ready as well.

**See Ex # 14 page 3 lines 8-13.**

Judge Whately's only question to John Gilmore was Who is doing Punishment and Gilmore's response was I think we are going to Jury on that. See **Ex# 14 page 9 lines 16-25 and page 10 lines 1-4.**

The court had no jurisdiction over Applicant or the Subject Matter at this time, the court had already lost jurisdiction for violating Applicant's 14th amendment to a fair and impartial trial, opportunity to be heard, and notice. **Johnson v. Zerbst 304 U.S. 458 Sup. Ct. 1938.**

# FACT 16.

## 2/9/09 The Illegal Trial of Applicant

FRAUDULENT PROCEEDINGS OF JOINT JURY TRIAL OF APPLICANT CHADRICK B. PATE
AND CO DEFENDANT CHRISTOPHER HALL

In Spite of a Court Order by Judge Joel Johnson given by Oral Order on 11/25/08 that Severed the Trials of Applicant and Co defendant Hall, Judge Whately and Officer's of the Court simply set about acting alone and together to manipulate the judiciary process to make it appear that the court still had jurisdiction over the Applicant and the subject matter and then tried him in an illegal proceeding that they submitted as a fair and impartial Jury trial.

These Officer's of the Court participated in hearings that involved Applicant's Motion for Severance, they all knew or should have known that Applicant had not appeared at these hearings and could not object to their fraud. The officer's knew that Judge Johnson had severed the trials of the Applicant and the co defendant, they knew that there had not been a formal hearing on the Motion for Severance where a Judge entered factual findings on the record for his reasons denying or granting the Motion. They knew that he did not ask for a Continuance on 10/30/08, and they knew that fraudulent Motions Orders and Reset Dates had been entered onto his Criminal Docket Sheet. They knew that legitimate Orders had not been entered onto his Criminal Docket Sheet.

They concealed the illegal entries, Motion, Orders and Reset Dates when a Court Reporter did not Record the Proceedings, if in fact they held any proceedings.

Officer's of the Court lied when they entered onto Applicant's Criminal Docket on 10/30/08 Motion for Continuance, then they lied again when they entered All Ready on 2/5/09.

Their fraud in entering a different cause number and out of sequence volume number on
Court Reporter Record Volume 5-A of 11 .

Trial Court Cause No. S-08-5080-2 of the 2/5/09 Pre Trial Hearing of Christopher Hall and then not including it in the Record that they sent to the Court of Appeals is more than suspicious. It was at this

37

hearing that Judge Whatley and Officer's schemed to make it appear that Applicant had appeared and announced ready for trial, and then entered it onto his criminal docket sheet.

If the Court of Appeals had that document they would have seen that Applicant was not there. John Gilmore had abandoned Applicant's defense long before this hearing and just kept participating in the fraud.

The trial court and it's officer's through the various frauds just mentioned above and throughout this Habeas Mottion willfully abused the judicial process, their lies, deception dishonesty, their silence, commission, omissions , speech, etc. made it impossible for Applicant to present his defense.

The scheme that they put in place to keep Applicant and co defendant joined for trial at any cost, could not help to have influenced the jury (tier of fact). Applicant was convicted and his liberty stripped from him by a Judlaical System that he trusted to hear his defense and Acquit him. He was not willing to take a plea deal for something he did not do. He trusted the judicial system and his Defense Attorney. He relied on a "jury" that was deceived by the State to Acquit him. A jury that had no idea all that had gone on before he appeared in front of them and plead "Not Guilty".

The fraud and violation of Applicant's due process did not stop here, the fraud continued even after Applicant's Conviction . However at the illegal trial various more frauds and violations of Applicant's due process were abused.

The following is a list of event's of the proceedings in this fraudulent proceeding.

Before the trial started on 2/9/09 at the Voire Dire proceeding **See Ex# 17  Court Reporter Record Volume 4 of 9 page 102 lines 5-25 .**

Applicant's Mother was entering the Court room and was stopped at the door and told that she could not come in for the trial. She went to the District Clerk's Office and asked to see a Judge The clerk asked her why and she told her that she was not being allowed to go inside the court room. Clerk went to announce her to the Judge, when she came back she told her that the Judge told her to go

38

back down there and she would be allowed to go in. She went inside and was told to stand on the back wall because there was no seating for her.

At the Voire Dire a potential Juror Ms. Voss kept asking John Gilmore (Applicant's Attorney) about why both Applicant and Co defendant were at the same trial. Gilmore finally gave her an answer. See **Ex# 17 Court Reporters Record Volume 4 of 9 Chadrick B. Pate page 102 lines 5-25.** He said we are being forced to do it this way okay. We don't want to.Ms.Voss was not picked for the jury trial.

After the Voire Dire Proceedings the Jury Trial proceeded, and before it did , Applicants Mother was standing outside the Court Room Doors in the Lobby Area when a woman who did not identify herself and who was unknown to his Mother stated loudly. I am invoking "The Rule" Applicant's Mother Asked first. Who the woman was and she identified herself as Assistant District Attorney and then Applicant's Mother asked what rule she was talking about and the woman's response was you cannot come into the court room during the trial unless you are called to testify. **See Texas Rules of Evidence Invoking Rule 614** Under this rule at the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses and it may make the order of it's own motion. This rule does not authorize exclusion of **(3)** a person whose presence is shown by at party to be essential to the presentation of the party's cause. The Court violated Applicant's right to be heard and notice.

There is no on the record request from any party to exclude Applicant's Mother . Applicant was not given an opportunity to be heard to challenge the Rule and to present his case that his Mother should not be excluded under **Rule 614 (3).** There is no record that Applicant was given and opportunity to be heard or notice. Applicant's Mother was not called to testify. It was the State that subpoena her to testify.

Applicant was brought to the trial in Leg Restraints. There is no Court Order ordering him to wear Leg

39

Restraints and no hearing on the matter. Someone in the audience stated out loud.( that person was a witness for the State who obviously was sitting in the court room ) He is in jail I can see his Leg Restraints. **See Ex# 18 Trial Transcript page 259, 260 and 261 and Ex # 19 Applicant Affidavit.** The court must make independent determination that restraints are justified **and must state its reason on the record. See Deck ck v. Missouri 544 U.S. 622 (2007).**

Defense Attorney John Gilmore, Co Defendant's Attorney Stan Turpin, and the State's Attorney stayed silent as to the justification of Leg Restraints on Applicant violating Applicant's Due Process rights and committing fraud on the court.

Defense Attorney motioned for a severance numerous times at trial, to which Judge Whately simply overruled and held no hearing, and made no on the record factual findings for her reasons to deny the severance. **See Ex# 20 Trial Transcript Reporters Record Volume 6 of 9 page 221 11-25.**

Judge Whately allowed the State to bring in the statement of a co defendant that was not testifying that Applicant could not confront. She simply told the Jurors to disregard the statement.

At the sentencing and punishment proceedings John Gilmore did not call one Witness on Applicant's behalf, and he did not tell Applicant's family that they could testify for him until about an hour before the proceedings. Applicant's Best Friend and Sister had already left the proceedings for the day and Applicant's Mother could not reach them. Applicant would not allow his Mother to testify because she was still in shock and devastated from the Jury having found a Guilty Verdict against her oldest child and only son.

## APPLICANT'S CLAIM UNDER 2,3. AND 4

**Every single event at the 2/9/09 joint trial of Applicant was Fraud upon the Court and a violation of Applicant's Right to Due Process under both the Texas Constitution and the U. S. Constitution.**

40

## THE EVENTS AFTER THE TRIAL AND CERTIFICATION OF APPLICANT'S JUDGMENT

## AND CERTIFICATION TO THE 13TH COURT OF APPEALS CORPUS CHRISTI, TEXAS

### FACT 17

FRAUDULENT RECORDS IN CERTIFICATION OF APPLICANT'S JUDGMENT ROLL TO THE *13TH COURT OF APPEALS CORPUS CHRISTI TEXAS , CRIMINAL COURT OF APPEALS*, AUSTIN, TEXAS AND THE U.S. DISTRICT COURT SOUTHERN DISTRICT OF TEXAS AT HOUSTON TEXAS

### 6/24/09

### Applicant's Claim under 2,3, and 4
### 6/24/09

FRAUDULENT RECORDS IN CERTIFICATION OF APPLICANT'S JUDGMENT ROLL TO THE 13TH COURT OF APPEALS CORPUS CHRISTI TEXAS

On June 24th 2009 The District Clerk Pam Heard and Presiding Judge Janna K. Whately certified

Judgment Records to the 13th Court of Appeals Corpus Christi, Texas . Judge Whatley certified **See**

**EX # 24 Judge Whately's Certification** the proceedings that were held , instruments and other papers

that were filed in cause **A-08-5080-4 CR Chadrick B Pate.See EX # 14   INDEX CHADRICK B.**

**PATE A-08-5080-4CR  page 1** under last entry on the page showing Order on Motion for Severance.

**See Ex # 6 .** This is the same Order that Judge Wellborn called a Mistake and said that it had

not been officially filed. See Ex# 9. It is also the same Order that the District Clerk Pam Heard

said had not been filed and was just a piece of paper in the file. **See Ex # 7.**   Yet Judge Whately

says it was a proceeding that was held and it was filed into  Cause No. A-08-5080-4CR.
The District Clerks Office (Pam Heard's Office ) also certified that the Order was a proceeding

that was held and filed in Cause No. A-08-5080-4CR.  **See Ex # 23 District Clerk Pam Heard's**

**Certification.** By submitting the Order on the Motion for Severance Judge Whately and Pam

Heard committed Fraud on the Court.

The Index (Judgment Record in A-08-5080-4CR) that Judge Whately and Pam Heard submitted to the

41

Court of Appeals is not only fraudulent for listing the Order on the Motion for Severance as a proceeding that was held and filed into Cause No. A-08-5080-4CR Chadrick B. Pate.

It is also fraudulent because the Index does not list all of the Fraudulent Proceedings that the Court entered and recorded as held and filed in Cause No. A-08-5080-4CR on Applicant's Criminal **Docket Sheet See Ex# 4** . The illegal Proceedings that Judge Whately and Pam Heard did not certifiy to the Court of Appeals, are the Proceedings that were used to make it appear that Applicant had been legally rejoined to the Co defendant for a joint trial after they refused to hold the Court Ordered Trial for Applicant on 11/3/08. The listed Proceedings had to be Concealed from the Court of Appeals otherwise the Fraud committed against the Applicant and The Court of Appeals, Criminal Court of Appeals and the Federal Court would have been revealed and Applicant's conviction would have been Overturned long ago.

**1.**
**Proceeding on 10/30/08 Defendant's Motion for Continuance Reset dates Jury Trial 1/5/09 Announcement 12/22/08\.**

**2.**
**Proceeding 12/22/08 Reset dates Jury Trial 2/9/09 Announcement 2/5/09**

**3.**
**Proceeding 2/5/09 All Ready**


The Judgment for Chadrick B. Pate Cause No. A-08-5080-4CR does not conform to statutory rules.

See: **Trap Rule 34.5 (a) states Contents**

**Unless the parties designate the filings in the appellate record by agreement under rule 34.2 the record must include copies of the following:Trap Rule 34.5 (a) (2) Indictment or Information.**

**Any Special Plea or Defense Motion that was presented to the court and OVERRULED**

**Any Written Waiver, any written stipulation and in case in which a plea of guilty or nolo contendre any documents entered for the plea.**

The Motion for Severance is a Defense Motion pursuant to 34.5 (a) (2) however it was not overruled.

The Order Granting Applicant's Severance dated 9/25/08 **EX#6** is the Order that Judge Wellborn said

that he signed by mistake and the same order that The District Clerk had called just a piece of paper in the Applicant"s file. And the Court Index Judgment does not include all of the Fraudulent Proceedings entered on Applicant's Criminal Docket sheet.

**Also see: Tx. R. Civ. 301** Judgment of the court shall **conform to the Pleadings** nature of case proved and the verdict if any and shall be so **framed as to give party all relief in which he is entitled either in law or equity** .

Judge Whately and the District Clerk violated Applicant's Due Process right to a fair and impartial Appeals Process, to be heard and notice and committed fraud on the Court, the 13th Court of Appeals. The Court of Criminal Appeals, Austin and the U. S. District Court for the Southern District of Texas, Houston Division where the fraudulent record was entered to conceal the Trial Court's fraud on the court by the court. And to be certain the Appeals Process would be denied.

"Fraud is defined as trickery or deceit, intentional misrepresentation, concealment, or nondisclosure, for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him, or a false representation of a matter of fact by words, conduct or by concealment of what should have been disclosed that deceives or is intended to deceive another so that he shall act upon it to his legal injury," (emphasis added) **In re E.P ., 185 S.W. 3D 908 (Tex. App.-Austin 2006)**

## FACT 18

### The District Clerk's Responsibility to report fraudulent documents

**See Govt Code Sec. 51.303.Duties of the Clerk (a)**The clerk of a district court has custody of and shall carefully maintain and arrange the records relating to or lawfully deposited in the clerk's office. **(b)** the clerk of a district court **shall ((1)** record the acts and proceedings of the court **(2)** enter all judgments of the court under the direction of the **judge.**

**also see Govt. Code Title 2 Subtitle D. Chap. 51 Section 51.901 Subsection J. showing:** It is the duty of the District clerk if the clerk has reasonable basis to believe in good faith that a

43

fraudulent document or instrument has been previously filed or recorded or offered or

submitted for filing or for filing and recording is fraudulent, the clerk shall:(1) if the document is

a purported judgment or other document purporting to memorialize or evidence an act, an

order, a directive, or process of a purported court, provide written notice of the filing, recording

, or submission for filing or for filing and recording to the stated or last known address of the

person against whom the purported judgment, act, order, directive, or process is rendered;

### Applicant's Claim Under 2 and 3
### Fraud on the Trial Court, and Courts of Appeals

The District Clerk did not provide notice to Applicant of Fraudulent Judgment, Criminal Docket Sheet

Court Order or Index Sheet that their office certified to the 13th Court of Appeals. The District Clerk

did not provide notice of the Purported Motions for Continuances, Purported Orders on Continuances,

Purported Court Ordered Reset Dates, Purported Announcements (that do not exists in the Court

Records,) only on the Applicant's Criminal Docket Sheet. The District Clerk and Court should have

had a reasonable basis to believe in good faith that the above mentioned documents were fraudulent.

1. Because the clerk's office is the party that discovered with the court that the Order Granting

Applicant's Motion was a mistake but yet allowed it to be certified to the 13th Court of Appeals Corpus

Christi, Texas 2. Because the clerk's office has custody of and shall carefully maintain and arrange the

records relating to or lawfully deposited in he clerk's office.

The Clerk recorded as filed the above mentioned documents when the clerk's office knew that

every proceeding/document, order, reset day, announcement motion and order entered onto the

Applicant's Criminal Docket Sheet after the 10/23/08 hearing on his Motion to Dismiss were

fraudulent entries. The Clerk's office knew that there were no Recorded Proceedings in the Court

Record showing evidence of any of the entries that the Clerks' office made onto the Criminal Docket

Sheet after the 10/23/08 hearing.

44.

The District Clerk and Judge Janna Whatley committed fraud and fraud on the court when they submitted a Fraudulent Judgment to the 13th Court of Appeals and failed to Report Fraudulent Records filed and entered into the Trial Court and the 13th Court of Appeals Corpus Christi, Texas.

**Letter from Judge Wellborn in Response to Letter from Habeas Attorney Carrie Crisp.**
**Ex# 9**

Without quoting Judge Wellborn, he in essence stated that he was the pre trial judge at a hearing for a Motion for Severance by Applicant on 9/25/08 but that the State requested a Motion for Continuances that same day and that both parties agreed to continue said matter. He said that while he meant to sign an Order Granting the Motion for Continuances, he instead had signed the Order Granting the Motion for Severance by mistake. He said that there were several orders in the Clerks file and they brought him the wrong Order but that they discovered it quickly and that is why the order was never formally filed and did not get a file stamp . He went on to explain that normally all Orders received a file stamp when they were filed . He also stated that when someone announced that one or more of the parties were waving there rights to a jury trial that the Motion for Severance became Moot.

Judge Wellborn did not explain why the Order Granting the Motion remained in the file or why he did not reverse the action of signing the Order. He also did not say who made the announcement and at what proceeding it was announced, or why there was no record on an announcement or factual findings on his reasons for determining the Motion was Moot.   **See EX # 9  Letter from Judge Michael Wellborn to Carrie Crisp.**

Facts in The Trial Court Record regarding the claims in Judge Wellborn's letter do not comport with the claims.
There is no recorded proceeding of any Announcement announcing that one or more of the defendant's were going to waive their rights to a jury trial.

There is no recorded proceeding where Judge Michael Wellborn rendered the Motion Moot and

45.

provided a decision with factual findings on the Record

There is no Record of notice of any such hearing and there is no notice to Applicant of a decision finding the Motion Moot.

There are laws and procedures that must be followed at pre trial and trial.

Announcements are suppose to be made on the record and Notice given.

Defense Motions must be ruled on prior to trial and a hearing had to determine the facts presented in the Motion, a Decision must be made on the Motion with factually findings that support either the Granting or Denial of same and notice provided.

When a Motion is presented to the judge the maker of the Motion must also prepare a Order for the Judge to sign and provide said order to the judge and they go over the Motion and Order together.

It is not the clerk that prepares or presents the Order, it is the Maker of the Order.

John Gilmore told the Applicant and his Mother who both inquired numerous times that the Motion for Severance was denied, He told Applicant's Mother this only a few days before trial when she insisted that he find out what was going on with the severance.

## CONCLUSION

Because the trial court proceeded to a joint jury trial with the co defendant when Applicant Chadrick B. Pate and the natter were not properly before the court for adjudication, the trial court had no jurisdiction to enter a Void Judgment, Sentence and Conviction against him and illegally imprison him in the Texas Department Criminal Justice System.

All of the Facts Presented Both On The Record of the trial court and Outside the Courts Record and Supported by the Courts records or sworn affidavit verify the Conclusion that Applicant's Judgment is Void .

46.

That Conviction was acquired through the Violation of Applicant's Due Process Rights to a fair and impartial trial, opportunity to be heard and Notice, and that Officers of the Court committed Fraud on the Court by the Court in order to obtain an illegal Conviction of the Applicant.

They each one and all at one time or another made intentional misrepresentations to the Court, were deceitful, used trickery concealed facts, were passively silent, prevented a decision on a defense motion presented fraudulent documents, entered fraudulent proceedings and used deception by commission, by omission, by speech, by silence, and by innuendo to obtain the conviction

The trial court proceeded to trial when they had no jurisdiction over Applicant or the matter

and gained an illegal conviction that illegally imprisoned Applicant,

Applicant nor the issue were properly before the court for adjudication. The trial court violated Applicant's Due Process Rights to a impartial and fair trial, opportunity to be heard, and notice through their violations of Applicant's Due Process, fraud and fraud upon the court that caused the Court to lose jurisdiction to proceed to trial and to enter a Void Judgment, Conviction and Sentence.

**Johnson v. Zerbst 304 U S 458 Sup Ct , Fay v. Noia 372 U S 391 (1963)**

**Mapco Inc. V. Forrest, 795 S W 2d 700.703 (Tx. 1990) See Armstrong v. Obucino 300 III**

**140,143 (1921), Bracey v. Warden U S Supreme Court No 96 – 6133 (June 9th 1997)**

**Exparte Young 418 S. W. 2d 214.223(Tx. Crim. App. 1977.**

Fraud may consist of both active misrepresentation and passive silence. **Vela v. Marywood**

**17 S. W. 3d 750, review denied with per curiam opinion 53 S W 3d 684 rehearing of petition for**

**review denied (Tex App. Austin 2000).**

"Fraud Upon the Court" has been defined as that fraud committed by an officer of the court in any attempt to deceive, either by commission, by omission, by speech, by silence, by gesture, by innuendo

47

by look, etc. Whenever this fraud is committed by any attorney or judge, it is a "fraud upon the Court"

**In Eugene Lee Armentrout et. al., Ill. 2D 242 75 Ill Dec 703 457 N.E.2d 1262 (1983): Regenold v. Baby Fold, Inc., 68 Ill. 2D 419,435 12 Ill Dec. 151.369 N.E. 2D 858 (1977) ; In re Lamberis, 93 Ill. 2D 222,229, 66 Ill. Dec.623, 443 N.E.2d 549 (1982); Bulloch v. United States k 763 F 2d 1115,1121 (1985); Root Refining Co. v. Universal Oil Products Co., 169 F2d 514 (1948)**

Fraud occurs when a party sets into motion a scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. **AOUDE v. Mobil Oil Corp., 892 F.2d. 1115,1118 (1st Cir. 1989).**

It is fraud that denies a losing litigant the opportunity to fully litigate at trial his rights or defenses that could have been asserted. **Alexander, 266 S W 2d @ 1001: King Ranch, Inc. v. Chapman, 11.8 S W 3d 742,752 (Tex. 2003) .**

In **Fay v. Noia** the court observed: Criminal proceedings so fundamentally defective as to make imprisonment pursuant to them constitutionally intolerable should not be allowed to obscure the basic continuity in the conception of the Writ as remedy for such imprisonment.

## PRAYER

Wherefore Petitioner Prays that the Court grant Chadrick B. Pate releif from which he is entitled in this proceeding, that includes an Order for his Immediate Release from Incarceration,
Order Vacating and Dismissing the Void Judgment, Sentence, and Conviction,
an Order Removing the Conviction from all Judaical and Government Records,
And an Order that Sanctions the Trial Court and it's Officers of the Court for the fraud and due process violations inflicted upon Chadrick B Pate. And any other relief that is available to him.

49.

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

## OATH

STATE OF TEXAS,
COUNTY OF TRAVIS

I NEMA BARDIN BEING DULY SWORN, UNDER OATH SAYS: I AM THE PETITIONER IN THIS ORIGINAL HABEAS CORPUS ACTION AND KNOW THE CONTENTS OF THE ABOVE APPLICATION FOR WRIT OF HABEAS CORPUS AND, ACCORDING TO MY BELIEF, THE FACTS STATED IN THE APPLICATION ARE TRUE.

_____
NEMA BARDIN PETITIONER

SUBSCRIBED AND SWORN TO BEFORE ME MAY 19th 2015.

N. A. CADENA
Notary Public, State of Texas
My Commission Expires
October 20, 2018

_____
NOTARY PUBLIC

50.

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

PETITIONER'S INFORMATION

NEMA BARDIN
P. O. Box 772
Austin, Texas 78767

512-487-0197 cell

## CERTIFICATE OF SERVICE

I do hereby certify that a true original of the above and foregoing Application of Original Habeas

Corpus was personally hand delivered on the 19th day of May, 2015 to The Texas Court of

Criminal Appeals Clerk's Office at 201 W. 14th Street Austin, Texas 78701

Nema Bardin, Petitioner

51.

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

## COVER SHEET

## TABLE OF CONTENTS

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.

EX PARTE

CHADRICK IB PATE

TDCJ #015633340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

## TABLE OF CONTENTS

LETTER TO CLERK  COURT OF CRIMINAL APPEALS

COVER SHEET

EXHIBIT LIST (2 PAGES)

EXHIBITS 1-24

ORIGINAL WRIT OF HABEAS CORPUS ( 51 PAGES)

JURISDICTION PAGE 2

PROCEDURAL HISTORY PAGE 3 AND 4

STATEMENT OF THE CASE PAGE 5-8

CLAIMS/GROUNDS FOR RELEIF PAGE 8-10

FACTS SUPPORTING CLAIMS GROUNDS FOR RELEIF PAGE 10-46

CONCLUSION PAGE 46-48

PRAYER PAGE 49

OATH PAGE 50

CERTIFICATE OF SERVICE PAGE 51

TABLE OF CONTENTS PAGE

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.

EX PARTE                                   FROM THE THE DISTRICT COURT

CHADRICK B PATE                            36TH JUDICIAL DISTRICT

TDCJ #015163340                            ARANSAS COUNTY, TEXAS

                                           CAUSE NO. A-08-5080-4CR


## EXHIBIT LIST

Ex # 1  Motion of Defendant Chadrick Pate for Severance of Defendant's
Ex # 2  Indictment
Ex # 3  Charge of the Court
Ex # 4  Criminal Docket Sheet of Applicant Chadrick B. Pate
Ex # 5  9/25/08 Reporters Record Volume 2 of 9 Chadrick Pate
Ex # 6  Order on Motion for Severance Chadrick Pate 9/25/08
Ex # 7  Affidavit of Stacy Deville (On statement from Pam Heard on Mistake of Severance Order page 1 paragraph 3
Ex # 8  10/23/'08 Reporters Record Volume 4 of 11 Pre trial hearing Christopher Hall A-08-5080-2CR
Ex # 9  Judge Wellborn's letter to Carrie Crisp Applicant's Habeas Attorney
Ex# 10  Carrie Crisp letter to Judge Wellborn
Ex# 11  10/23/08 Reporter's Record Volume 3 of 9 Chadrick Pate Motion to Dismiss A-08-5080-4CR
Ex# 12  Crim inal Docket Sheet Christopher Hall A-08-5080-2CR
Ex# 13  11/25./08 Reporters Record Volume 5 of 11 pre trial hearing Christopher Hall A-08-5080-2CR
Ex# 14  2/5/09 Reporters Record Volume 5A of 11 pre trial hearing S-08-5080-2
Ex# 15  Master Index Christopher Hall Court Reporters Record Volume 1 of 11 page 2
Ex# 16  Indictment Christopher Hall A-08-5080-2CR
Ex# 17  2/9/09 Reporters Record Volume 4 of 9 page 102 line 9-25 Chadrick Pate A-08-5080-4CR
Ex# 18  Reporters Record Volume  of   pages 259 lines 1-25

Ex# 19  Affidavit of Applicant Chadrick Pate  on Leg Restraints

Ex# 20  Reporters Record Volume 6 of 9  page 221 lines 1-25 Chadrick Pate

Ex# 21  Index of Events certified to Court of Appeals  Chadrick Pate

Ex# 22 Judgment Front Page Chadrick Pate A-08-5080-4CR

Ex# 23  District Clerk  Certification to the Court of Appeals

Ex# 24 Judge  Whately'S certification to the Court of Appeals of all proceedings.

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

## COVER SHEET

## EXHIBIT 1

## MOTION OF DEFENDANT CHADRICK PATE FOR SEVERANCE OF DEFENDANT'S

CAUSE NO. A-08-5058-4CR

| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
| --- | --- | --- |
| VS. | * | 36th JUDICIAL DISTRICT |
| CHADRICK PATE | * | ARANSAS COUNTY, TEXAS |

## MOTION OF DEFENDANT CHADRICK PATE
## FOR SEVERANCE OF DEFENDANTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES the Defendant, Chadrick Pate, by and through his attorney John Gilmore, and respectfully moves this Court for an order severing the offenses charged against this Defendant in the indictment herein from the offenses charged the co-defendants and for a separate trial thereon, on the grounds that this Defendant is by the joinder herein and for good cause would respectfully show unto the Court as follows:

I.

Defendant believes that there are previous admissible against the co-defendants in this case.

II.

Further, we believe that there will be conflicts in the defenses of this Defendant and the co-defendants which will be prejudicial to Defendant if they are tried together.

III.

A joint trial of Defendant and his co-defendants poses a security risk to Defendant and to trial participants and spectators.

**WHEREFORE,** Defendant respectfully prays that this Honorable Court sever him from the co-defendant indicted herein and order a separate trial of the charges against him from the offenses charged the co-defendants and for such other and further relief as this Honorable Court may deem just and proper.

FILED 31 day of _____ 20 08 at _____ o'clock p M

Pam Heard District Clerk
D. Court Aransas Co., Texas

36

Respectfully submitted,

JOHN GILMORE
622 S. Tancahua/ P. O. Box 276
Corpus Christi, Texas 78403
(361) 882-4378/phone
(361) 882-3635/fax
ATTORNEY FOR DEFENDANT
BAR NO. 07958500

## CERTIFICATE OF SERVICE

I, John Gilmore, do hereby certify that a true and correct copy of the foregoing Motion of Defendant Chadrick Pate for Severance of Defendants has been served on Aransas County District Attorney's Office, Nueces County Courthouse, 301 N. Live Oak Street, Rockport, Texas on this the 31st day of July, 2008.

JOHN GILMORE

37

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT 2

INDICTMENT

# INDICTMENT

## THE STATE OF TEXAS vs. MICHAEL JASON UNDERWOOD, CHRISTOPHER JOSEPH HALL, ANTHONY LEE RAY, CHADRICK B. PATE, AND KEVIN RAY TANTON

**OFFENSE**    Murder, Aggravated Assault /Engaging in Organized Criminal Activity
TPC Sec. 19.02 / First Degree Felony
TPC Sec. 22.02 / 71.02 // First Degree Felony


**WITNESS**    Michael Brooks, Russell Kirk

CAUSE # *A-08-5080-4-CR*   FILED ON   *6/24/08*   BAIL $ *500,000 &*

**************************************************************************************

### IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

### Count One

COMES NOW THE GRAND JURORS for the County of Aransas, State aforesaid, duly selected, organized, impaneled and sworn as such at the April Term, A.D. 2008, of the 36th Judicial District Court, in and for said County, a quorum thereof being present, upon their oaths present in and to said Court that **MICHAEL JASON UNDERWOOD, CHRISTOPHER JOSEPH HALL, ANTHONY LEE RAY, CHADRICK B. PATE, and KEVIN RAY TANTON, acting alone and together,** on or about the 4th day of January, A.D. 2008 and anterior to the presentment of this Indictment, in the County and State aforesaid, did then and there intentionally or knowingly cause the death of an individual, namely, Aaron Watson, by shooting the said Aaron Watson with a firearm;

### Count Two

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said Court that **MICHAEL JASON UNDERWOOD, CHRISTOPHER JOSEPH HALL, ANTHONY LEE RAY, CHADRICK B. PATE, and KEVIN RAY TANTON, acting alone and together,** on or about the 4th day of January, A.D. 2008 and anterior to the presentment of this

Indictment, in the County and State aforesaid, did then and there intentionally, knowingly or recklessly cause serious bodily injury to Aaron Watson by shooting the said Aaron Watson with a handgun, the same being a firearm;

And the defendants did then and there commit said offense with the intent to establish, maintain, or participate in a combination or in the profits of a combination who collaborated in carrying on said criminal activity;

against the peace and dignity of the State

Foreman of the Grand Jury

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT 3

CHARGE OF THE COURT

Cause No. A-08-5080-4- CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | ARANSAS COUNTY, TEXAS |
| CHADRICK B. PATE | § | 36TH JUDICIAL DISTRICT |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

The defendant, CHADRICK B. PATE, stands charged by indictment with the offenses of COUNTS 1 MURDER, alleged to have been committed on or about January 4, 2008 in Aransas County, Texas; and COUNT 2 AGGRAVATED ASSAULT, alleged to have been committed on or about January 4, 2008, in Aransas County, Texas. The defendant is also alleged to have committed the offense of Aggravated Assault in Count 2 while ENGAGING IN ORGANIZED CRIMINAL ACTIVITY. The defendant has pleaded not guilty to each offense you are instructed that the law applicable to this case is as follows:

## COUNT ONE

1.

Our law provides that a person commits murder if he intentionally or knowingly causes the death of an individual.

## 2.

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

A "deadly weapon" means a firearm

"Individual" means a human being.

## 3.

7. 02 (a)(2)

Our laws provide that a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to a crime.

as a party criminally
Rev penality each
element must be proved

Penal Code
Title 2
Chap 7     con

not in the
statute

## 4.

Now, if you find from the evidence beyond a reasonable doubt that on or about January 4, 2008, in Aransas County, Texas, the defendant, CHADRICK B.

PATE, acting alone or together with Michael Jason Underwood, Christopher Joseph Hall, Anthony Lee Ray, and Kevin Ray Tanton, did then and there intentionally or knowingly, cause the death of an individual, namely, Aaron Watson by shooting the said Aaron Watson with a firearm, then you will find the defendant guilty of Murder.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of murder as alleged in Count One

If you have found the defendant guilty of Count 1 do not proceed to Count Two of Aggravated Assault.


## COUNT TWO

5.

Our law provides that a person commits an aggravated assault if the person intentionally, knowingly, or recklessly causes serious bodily injury to another.


6.


A "deadly weapon" means a firearm.

The term "serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

## 7.

A person acts intentionally, or with intent, when it is his conscious objective or desire to cause the result.

A person acts knowingly or with knowledge, when he is aware that his conduct is reasonably certain to cause the result.

A person acts recklessly, or is reckless, with respect to the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

## 8.

Our laws provide that a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another

for which he is criminally responsible, or by both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to a crime.

## 9.

A person commits an offense of Engaging in Organized Criminal Activity if, as a criminal prison gang, he commits Aggravated Assault.

## 10.

"Criminal prison gang" means three or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associate in the commission of criminal activities.

## 11.

It is no defense to prosecution for the offense of Engaging in Organized Criminal Activity that:

(1) one or more members of the combination are not criminally responsible

for the object offense;

(2) one or more members of the combination have been acquitted, have not been prosecuted or convicted, have been convicted of a different offense, or are immune from prosecution;

(3) a person has been charged with, acquitted, or convicted of said offense; or,

(4) once the initial combination of three or more persons is formed, there is a change in the number or identify of persons in the combination as long as two or more persons remain in the combination and are involved in a continuing course of conduct constituting an offense of Engaging in Organized Criminal Activity.

## LIMITING INSTRUCTIONS

You are instructed that if there is any evidence before you in the case regarding the existence of a criminal prison gang, the defendant's membership in a criminal street gang, and/or the criminal street gang's commission of criminal activities, such evidence, if any, was admitted for the limited purpose of aiding you, if it does aid you, in determining the issues of the defendant's guilt or innocence of engaging in organized criminal activity, and for no other. This evidence, if any, can only be considered by you after you have determined the defendant is in fact guilty of one or more of the offenses charged. You may consider this evidence for that

purpose, and no other. To find the defendant guilty of Engaging in Organized Criminal Activity, each element of the crime must be proven beyond a reasonable doubt.

You are instructed that if there is any testimony before you in this case regarding the defendant's having committed offenses other than the one for which he is now on trial, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the motive or identity of the defendant, and for no other purpose.

### 12.

Now, if you find from the evidence beyond a reasonable doubt that on or about January 4, 2008, in Aransas County, Texas, the defendant, CHADRICK B. PATE, acting alone or together with Michael Jason Underwood, Christopher Joseph Hall, Anthony Lee Ray, and Kevin Ray Tanton, did then and there intentionally, knowingly, or recklessly, cause serious bodily injury to Aaron Watson by shooting the said Aaron Watson with a Handgun, the same being a firearm. You will find the defendant guilty of Aggravated Assault as alleged in Count Two

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of Aggravated

Assault as alleged in Count Two

If you have found the defendant guilty of Aggravated Assault in Count 2, answer the following special issue – otherwise, do not answer this special issue.

*see June 20, 2007*
*CN*

SPECIAL ISSUE

Do you find from the evidence beyond a reasonable doubt that on or about January 4, 2003 in Aransas County, Texas, the defendant, CHADRICK B. PATE, when he committed the Aggravated Assault alleged in Count 2, was acting as a member of a criminal prison gang? Answer "Yes" or "No."

13.

You are instructed that an accomplice as the term is herein after used means any person connected with the crime charged, as a party thereto, and includes all person who are connected with the crime, as such parties, by unlawful act or omission on their part transpiring either before or during the time of the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible or by both. Mere presence alone, however, will not constitute one a party to an offense.

The witnesses Michael Jason Underwood, Anthony Lee Ray, and Kevin Ray Tanton are accomplices. If an offense was committed, you cannot convict the defendant upon accomplice testimony unless you first believe that the testimony is

true and shows the defendant is guilty as charged and then you cannot convict the defendant upon said testimony unless you further believe that there is other testimony in the case, outside the evidence of the said witnesses Michael Jason Underwood, Anthony Lee Ray, and Kevin Ray Tanton tending to connect the defendant with the offense committed, if you find that an offense was committed, and the corroboration is not sufficient it merely shows the commission of the offense but it must also tend to connect the defendant with its commission, and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty of the offense charged against him.

### 14.

Our law provides that a defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

A grand jury indictment is the means whereby a defendant is brought to trial in a felony prosecution. It is not evidence of guilt nor can it be considered by you in passing upon the question of guilt of the defendant. The burden of proof in all

criminal cases rests upon the State throughout the trial and never shifts to the defendant.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and, if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not Guilty."

You are the exclusive judges of the facts proved, of the credibility of the

witnesses, and the weight to be given their testimony, but you must be governed by the law you shall receive in these written instructions.

After you retire to the jury room, you should select one of your members as your Presiding Juror. It is his or her duty to preside at your deliberations, vote with you, and, when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto and signing the same as the Presiding Juror.

During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

No one has any authority to communicate with you except the officer who has you in charge. After you have retired, you may communicate with this Court in writing through this officer. Any communication relative to the cause must be written, prepared and signed by the Presiding Juror and shall be submitted to the Court through this officer. Do not attempt to talk to the officer who has you in charge, or the attorneys, or the Court, or anyone else concerning any questions you may have.

Your sole duty at this time is to determine the guilt or innocence of the defendant under the indictment in this cause and restrict your deliberations solely

to the issue of guilt or innocence of the defendant.

Following the arguments of counsel, you will retire to consider your verdict.

_____
Judge Presiding
36th Judicial District Court
San Patricio County, Texas

Date/time: 2/12/09
5 pm

Cause No. A-08-5080-2- CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | ARANSAS COUNTY, TEXAS |
| CHADRICK B. PATE | § | 36TH JUDICIAL DISTRICT |

## VERDICT FORMS

### COUNT ONE

We, the Jury, find the Defendant, CHADRICK B. PATE, GUILTY of MURDER, as alleged in the indictment.

_____
PRESIDING JUROR

**OR**

We, the Jury, find the Defendant, CHADRICK B. PATE, NOT GUILTY of MURDER.

_____
PRESIDING JUROR

**If you find the Defendant not guilty of Murder as alleged in Count One, then proceed to Count Two.**

Cause No. A-08-5080-4- CR

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | ARANSAS COUNTY, TEXAS |
| CHADRICK BLAKE PATE | § | 36TH JUDICIAL DISTRICT |

## **VERDICT FORMS**

## COUNT TWO

## USE ONLY ONE FORM:

We, the Jury, find the Defendant, CHADRICK B. PATE, GUILTY of AGGRAVATED ASSAULT, as alleged in the indictment.

_____
PRESIDING JUROR

**SPECIAL ISSUE** (Answer only if you have found the defendant guilty of this count)

Did the Defendant, CHADRICK B. PATE, commit said offense as a member of a criminal prison gang? (answer "Yes" or "No")

ANSWER: _____

_OR_

We, the Jury, find the Defendant, CHADRICK B. PATE, NOT GUILTY of COUNT TWO.

_____
PRESIDING JUROR

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT 4

CRIMINAL DOCKET SHEET APPLICANT CHADRICK B. PATE

# CRIMINAL DOCKET

CASE NO. A-08-5080-4-CR

| NUMBER OF CASE | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| A-08-5080-4-CR | STATE OF TEXAS vs. | Patrick Flanigan STATE | Murder | 6 | 24 | 08 |
| | | | 19.02 1st Degree | Information, Index or Indictment | | |
| | Chadrick D. Pate | John Gilmore (Ret.) | Agg Assault / Eng in Org Crim Activity | | | |
| | | DEFENDENT | 1st Degree | Fee Book | | |
| | | | | Vol. | | Page |

| DATE OF ORDERS | | | Was Stenographer Used _____ ORDERS OF COURT | Minute Book | | WITNESSES |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| 6 | 25 | 08 | Capias issued, Def in Custody | | | |
| 6 | 27 | 08 | Waiver of Arraignment | | | |
| 7 | 10 | 08 | Case Set PT 7-24-08 Ann 7-31-08 JT 8-4-08 | | | |
| 7 | 24 | 08 | Disc. Ruled on — | | | LR. |
| 7 | 31 | 07 | M/F/C Granted 9/25/08 @ 1:30pm Ann 9/29/08 @ 9am JT | | | |
| 9 | 25 | 2008 | 5x Motion to Cont Granted Reset to Nov. 3, 2008 fo JT - Ann- Oct 3, 2008 PT Oct. 23, 2008 @ 9:00 | | | (SP) |
| 10 | 23 | 2008 | Case called for PTC - Defense has filed motion to dismiss Indictment based upon missing documents fro Def lab's call. Ev. Shows def lab had a discovery packets & had written notes on to which were placed into a bag during evacuation from jail | | | L. Riley |

| DATE OF ORDERS | | | ORDERS OF COURT CONTINUED | Minute Book | | PROCESS |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| | | | for Hurricane Ike. His bag [?] returned to him. Def lab Q's where his mate went, who has them & alleges interfere w/ 6th amendment. Jail's explanation is we "lost 1/2 dozen total bags & 1/2 dozen lost" items for the 100 prisoners transported to Crystal City during evacuation. Motion denied at this time. | | | |
| 10 | 30 | 08 | Dx - Motion for Cont - Reset @ 9am | | | L. Riley |
| | | | JT set to 1/5/09 @ 9:00am - Ann to 12/22/08 @ 9:00am | | | |
| 12 | 22 | 2008 | Reset to JT Feb 9, 2009 & Ann @ Feb. 5, 2009 | | | |
| 2 | 5 | 09 | all R - | | | |
| 2 | 9 | 09 | all R - Shuffle requested by Co Draft - VD begins @ | | | 8?? |
| | | | 12:15 - 3:10 - Dx arraigned & plead Not Guilty to Ct 1 & Ct 2. Opening by SX - Dx 2 - 4 Reserve - Jury released @ 5pm to where 9am | | | |
| 2 | 10 | 09 | Testimony resumed @ 9:15 - break @ 10:30 - resumed @ 10:50 & lunch break @ 12 - Jury brought in 2pm (out of jury presence hearing held in A 08 5080-2 (R from 1pm - 2pm) - Break 3:11 - 3:28 - recess for day 5:30 - Ct reviewed & disclosed criminal history - | | | 8?? |
| 2 | 11 | 09 | Hearing re admissibility of Leal's gang reports - ruling made on record. Testimony began @ 9:10 - 10:30am - Break. 10:45 - Lunch break 12:?5 | | 12.?5 | 8?? |
| | | | Ct reviewed criminal histories - disclosed Jones & Dx's - | | | |

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT   5

9/25/08 REPORTERS RECORD VOLUME 2 OF 9 CHADRICK B. PATE

R E P O R T E R' S   R E C O R D

VOLUME 2 OF 9

TRIAL COURT CAUSE NO. A-08-5080-4-CR

THE STATE OF TEXAS               )  IN THE DISTRICT COURT OF
                                 )
VS.                              )  ARANSAS COUNTY, TEXAS
                                 )
CHADRICK PATE                    )  36TH JUDICIAL DISTRICT

*********************************************************
                        ANNOUNCEMENT
*********************************************************

A P P E A R A N C E S

ATTORNEY FOR THE STATE:

      MR. MARCELINO RODRIGUEZ
      Assistant District Attorney
      P.O. Box 1393
      Sinton, Tx. 78387
      (361) 364-6220
      Fax No. (361) 364-9490
      SBN:  00797336


ATTORNEY FOR THE DEFENDANT:
      MR. JOHN GILMORE
      Attorney at Law
      622 S. Tancahua
      Corpus Christi, Tx  78401
      (361) 882-4378
      SBN:  07958500


      On the 25th day of September, 2008, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Michael E. Welborn, Judge presiding, in Rockport, Aransas County, Texas:

      Proceedings reported by Shorthand Method. COPY

SYLVIA D. TREVINO, CSR   (361) 364-6200

THE COURT: Mr. Gilmore, how are you today?

MR. GILMORE: I'm doing just fine, Judge.

THE COURT: You're here today -- Let's see. You're on State versus Chadrick B. Pate. And what do we got going on, Counsel? What are your announcements in that case? State has filed a motions for continuance, I believe?

MS. RODRIGUEZ: That's correct.

MR. GILMORE: We don't oppose it, Judge. We're going to -- Mr. Pate -- during the hurricane, Mr. Pate was taking extensive attorney/client notes prior to the hurricane. When they were evacuated, he was instructed to put his notes in plastic garbage bags and when he got back from the evacuation, his notes were thrown out. Got that from Ricky McLester, Chief Deputy.

THE COURT: Threw all the plastic bags out?

MR. GILMORE: No. Just two people. Everybody got their stuff back except for two people. So all of his discovery is gone and all of his attorney/client notes are gone.

THE COURT: So he's not opposing a continuance because he needs to get back to square one?

MR. GILMORE: Yeah.

THE COURT: All right.

MR. GILMORE: I heard that you reset Ms. Cochran-May's case to November the 3rd.

THE COURT: Yes, sir.

MR. GILMORE: Which may be feasible, but I have a federal jury trial set then and those things in Judge Head's court, those things are known to fold. And last time I talked to my client, he wanted to go to trial.

THE COURT: All right. Well then what I'll do is go ahead and set that on November 3rd, making a note subject to your availability.

MR. GILMORE: Probably need -- We also need a decision -- I have a motion to sever, along with Ms. Cochran-May and she's going to need a decision on that, too. There's going to be maybe a new attorney on that case.

THE COURT: That's what I'm waiting to find out. That's why I wanted to know, because I'm going to have to get a new attorney, going to need to get one pretty quick and that new attorney is going to want a new -- We'll need a pre-trial to decide. Basically three of these cases are going to be severed out anyway.

MR. GILMORE: We got a shooter and we got my guy that wasn't there.

THE COURT: He wasn't there.

MR. GILMORE: He wasn't there. I know what they're saying, but --

THE COURT: You ain't going to figure out how they're going to get there. That's the reason they call it an

allegation. All right. We are going to give you the same thing. We will have a pre-trial set on that for about the 3rd so we can look at severance at that time if see where we're at. And make a note that that's subject to your federal court.

(END OF PROCEEDINGS.)

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

## COVER SHEET

## EXHIBIT    6

## ORDER ON MOTION FOR SEVERANCE 9/25/08

Ex #6

CAUSE NO. A-08-5058-4CR

| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
| VS. | * | 36th JUDICIAL DISTRICT |
| CHADRICK PATE | * | ARANSAS COUNTY, TEXAS |

## ORDER

**BE IT REMEMBERED,** that on the _____25th_____ day of _____Sept_____ . , 2008, came on to be considered and above and foregoing Motion of Defendant Chadrick Pate for Severance of Defendants;

After consideration of the same, it is the opinion of the Court that Defendant's Motion be **GRANTED/DENIED.**

**SIGNED** this _____25th_____ day of _____Sept_____ , 2008.

_____
JUDGE PRESIDING

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

## COVER SHEET

## EXHIBIT 7

### AFFIDAVIT STACEY DEVILLE
### DISTRICT CLERK PAM HEARD'S STATEMENT ABOUT THE MOTION OF SEVERANCE
### ORDER SIGNED BY JUDGE MICHAEL WELLBORN 9/25/08

EX #7

STATE OF TEXAS

COUNTY OF TRAVIS                    §


## AFFIDAVIT

Before me, the undersigned authority, on this day personally appeared Stacey Deville, who, being by me duly sworn, stated:

"My name is Stacey Deville. I am over the age of eighteen, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I was hired by Nema Bardin to investigate the facts and circumstances associated with Chad Pate's conviction for the death of Aaron Watson. Below is the information I learned during the course of my investigation.

I called and spoke with Pam Heard, the district clerk for Aransas County (Ms. Heard was also the district clerk in 2008). While speaking with Ms. Heard she mentioned that there was no severance granted. I did not see or have a copy of the granted severance but had been informed by Attorney Carrie Crisp that a severance was in fact granted. I mentioned to Ms. Heard that there is reportedly paperwork from Judge Wellborn stating that the severance was granted. She said that she did not know of any severance, but if there was then it was "just a piece of paper" saying that it was granted but was not file stamped with their office, and thus was not granted.

I called and spoke with Juror Herlinda Maldonado. Ms. Maldonado repeatedly expressed that she did not understand why Chad Pate was tried with Christopher Hall, the co-defendant. Ms. Maldonado told me that she thought that it was harmful to Chad's case that the two were tried together. Ms. Maldonado stated that the jurors had trouble deciphering which evidence and what witness' testimony applied to which defendant. Ms. Maldonado stated that it was hard to hear what one did over the other and keep all of the evidence between them separate. According to Ms. Maldonado the jurors relied on the foreman of the jury to get "everything straightened out." She told me that she and the other jurors depended on the foreman to keep the evidence straight between the two defendants. Ms. Maldonado said that Pate should not have been tried with the co-defendant because it did not help Pate's case and was "guilt by association". She stated that Pate was prejudiced by the joint trial. It was the opinion of Ms. Maldonado that the Applicant's case was hurt by the fact that he was tried with the co-defendant. Juror Herlinda Maldonado also informed me that she (Ms. Maldonado) did observe applicant being brought into the court room in leg restraints.

SD (initials)

According Ms. Maldonado, the jury was under the mistaken impression that Pate had to serve thirty-five years no matter what sentence the jury assessed. Instead of applying the jury charge issued by the court, the jurors decided that "no matter what he would serve 35 years." According to Ms. Maldonado, the jury came to the conclusion "that no matter what he [Pate] would serve 35 years." Ms. Maldonado also stated that she did not think that Applicant should have been given the ninety-nine (99) year sentence. I asked her if she knew about the state's recommendation for 10 years or the fee, and she stated that she had not heard of either of these. She was under the assumption that both penalties would keep him in prison for thirty-five years regardless if given life or thirty-five years.

I spoke with Tracy Watson on multiple occasions during the course of the investigation. I was able to locate Tracy through her father's phone. She was unable to talk some of the times I called, due to using her father's phone. When I was able to talk with Tracy, she informed me that she doesn't believe that Chad could have done this to Aaron. She stated that she doesn't believe Chad committed the murder, and that he may have been set up. She stated that she thought it was coincidental that her mother and her were both arrested and placed in jail the day that Aaron was killed. She stated that she believed Aaron was an informant for the police. She stated that there were times when Aaron would've been arrested for selling or distributing drugs but was never caught for the offense. She believes that he was working with the police and that is possibly why he was never caught for the drugs.

Tracy went on to mention that after the death of Aaron she spoke with a friend of hers, named Keith Kefauver, legal name Brian Keith Kefauver. Kefauver was reportedly speaking with Tracy regarding the death of her husband and mentioned to her that "one of them had to go," referring to Aaron Watson and Chad Pate. Tracy made it sound like this was referring to a set-up of Chad to take the fall for Aaron's death. Tracy mentioned that she asked him why she had not heard of this before and he said that she did not need to know this information. Tracy asked Kefauver whose decision was it that one of them had to go and he did not answer.

Nema Bardin emailed me after my conversation with Tracy and asked if I was able to discuss with her the reduced sentence she received. I did not have this question listed and therefore was unable to ask her about this. I called her back and asked to speak with her regarding this but she was unable to talk and asked that I not call her on this number anymore. I asked if she had another number that I could call her on to discuss this and the other questions I had for her, but she stated that she did not have another phone number. I have not heard from Tracy since this day and therefore was unable to ask this and the other pertinent questions in regards to this case.

I spoke with Lane DeRaven who was incarcerated in the Aransas County Jail with Christopher Hall. DeRaven was cellmates with Christopher Hall, Chadrick Pate's

_SD_ (initials)

co-defendant. Hall reportedly confided in DeRaven about what happened in relation to the death of Aaron Watson. Hall said that he was called and informed by the others, not Pate, of the plans for dealing with the decedent. Hall reportedly stated to DeRaven that he had never met with Pate regarding the decedent and that Pate was not a part of the death of Aaron. Hall stated that Chad Pate was not present for or at any point involved in the planning or the commission of this offense.

I received a letter in the mail from Brian Brock, Chad Pate's family member, regarding the case. I was informed that Brian had inside information relating to the murder of Aaron. Brian wrote that he was willing to speak with me regarding the case, but had to be given a guarantee for his safety and the safety of his family. He mentioned his fear for his life and the life of his family, and that if I/we could guarantee that all would be safe then he would provide insight into the case. I cannot verify the legitimacy of Brian's letter due to the fact that two different handwriting styles were used to write the envelope and the letter. With that said, I can attest to the fact that I did receive a letter from a reported Brian Brock who was in jail, and the postmarked letter came from the area code the jail was located in. As for if this was indeed Brian Brock writing this letter, or if the letter was in fact correct, I cannot say.

While reviewing the State's evidence for the case (via copies provided), I noticed that the evidence collection time is not noted on the packaging. In my experience of working in this field, I have always written the date and time of collection. On most of the chain of custody tags, there is an area for the date and time of collection. In this case, I do not recall seeing the time collected written on the tagging. When I was working in the field, it was our departmental policy to provide this information but this might not be proper departmental policy for this department.

While reviewing the evidence, I also noted that there was unknown DNA found underneath the victim's fingernail(s). I noticed that the evidence was tested to the known suspect(s), but I did not recall seeing the evidence tested against the other potential parties. Unless the evidence has been further tested, or there is an updated report of the DNA that I have not received, then some of the DNA underneath his fingernail(s) is still unknown.

Throughout my investigation, I got in touch with many of the parties involved who were and were not contacted. I also contacted the jurors in the case. Most of the people I attempted to contact did not want to get involved or would not return my calls. I was told by Tracy Watson that she was fearful of her safety after Aaron's death, and as well by Brian Brock (in his letter) that he feared for his safety and the safety of his family if he was to disclose information on this case. It appeared that people were afraid to talk due to the nature of the crime, and the parties affiliations with the Aryan Circle.

SD (initials)

To note, as of this date I have not been requested to provide copies of my case material or any other material to Nema Bardin. I have any and all copies of reports and information readily available but have not been requested to send these to the client. If any material is needed by the client, and/or the court(s), I will provide these when requested.

SD___(Initial)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT,."

SIGNED this 21th day of Dec , ~~2011~~ 2012

X _____

Affiant, Stacey Deville

SUBSCRIBED AND SWORN TO BEFORE ME by the said Stacey Deville on this the 21th day of December 2012

X _____

Notary Public, State of Texas

PEDRO L ESCOBAR
Notary Public
STATE OF TEXAS
My Comm. Exp. 02-11-15

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT   8

10/23/08 REPORTERS RECORD VOLUME 4 OF 11 PRE TRIAL HEARING CHRISTOPHER HALL A-08-5080-2CR

10/23 HALL

EX #8

Scanned Jan 26, 2012

Pretrial Hearing
10-23-08

44,275-04

# REPORTER'S RECORD
## VOLUME 4 OF 11 VOLUMES
### TRIAL COURT CAUSE NO. A-08-5080-2CR

THE STATE OF TEXAS ) IN THE DISTRICT COURT

vs. ) ARANSAS COUNTY, TEXAS

CHRISTOPHER JOSEPH HALL )

) 36TH JUDICIAL DISTRICT

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 10 2011

Louise Pearson, Clerk

## PRETRIAL HEARING

— Original produced on March 11, 2009 —

# COPY

On the **23rd day of October, 2008,** the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Joel B. Johnson, Judge Presiding, held in Rockport, Aransas County, Texas.

Proceedings reported by computerized stenotype machine.

LISA TUCKER RILEY, CSR, RPR

*Pretrial Hearing*
*10-23-08*

APPEARANCES

**MR. MARCELINO RODRIGUEZ**
SBOT NO. 00797336
Assistant District Attorney
P.O. Box 1393
Sinton, Texas   78387
Telephone:   361-364-6220
*Attorney for the State*

**MR. PATRICK L. FLANIGAN**
SBOT NO. 07109600
District Attorney
P.O. Box 1393
Sinton, Texas   78387
Telephone:   361-364-6220
*Attorney for the State*

**MR. STANLEY A. TURPEN**
SBOT NO. 20344300
Attorney at Law
P.O. Box 1209
Portland, Texas   78374
Telephone:   361-643-6422
*Attorney for the Defendant*

**MR. JOHN S. GILMORE, JR.**
SBOT NO. 07958500
Attorney at Law
622 S. Tancahua
Corpus Christi, Texas   78401
Telephone:   361-882-4378
*Attorney for the Co-Defendant Pate*

LISA TUCKER RILEY, CSR, RPR

Scanned Jan 26, 2012

*Reset for Hall*

*Turpen could not be ready on next court date of 12/3*

*Johnson set for 1/5/09*

## P R O C E E D I N G S

*(Defendant present)*

THE COURT: Christopher Hall, Mr. Turpen.

Stan, you just got re-appointed as a result of Ms. Cochran-May's employment in the county attorney's office.

MR. TURPEN: That's correct, Judge.

THE COURT: You need a reset?

MR. TURPEN: Big time.

THE COURT: Okay.

MR. TURPEN: I have talked to him for about an hour-and-a-half and talked to Tamara a little bit; talked to Marcelino a little bit but that is about it.

THE COURT: Okay. The next round of jury trials after this --

DEPUTY CLERK: December the 3rd -- or December the 1st.

THE COURT: Will you be ready by December you think, or no?

MR. TURPEN: Judge, I'm -- or that week I'm going to tell you that to be honest with you I don't think I could be ready by then.

THE COURT: Okay. January the 5th will be the trial date.

MR. TURPEN: Thank you, Judge. That was more or less what I had mentioned to Marcelino. I figured January I

Scanned Jan 26, 2012

announcement
docket
12/30

should be able to be up for it.

DEPUTY CLERK: Announcement?

THE COURT: At 9:00 o'clock -- hang on. That is going to be tricky. It looks like the announcement docket will be December the 30th.

Now, guys, I am remissed to tell you whether that would be an afternoon or a morning.

DEPUTY CLERK: So far our list says 1:30 still.

THE COURT: That is what your list says?

DEPUTY CLERK: So far.

THE COURT: Then that is what I'm going to tell you.

MR. TURPEN: Judge, can I fax in my announcement on that?

THE COURT: On a murder case?

MR. TURPEN: I'm off the week after Christmas.

THE COURT: You can't be off the week that I have got you. I want to set you for trial the first time and then be off the next week when you --

MR. TURPEN: Well, I have put my announcement in for vacation. I do it every year. And the week after Thanksgiving I go hunting. The week after Christmas I do what I can do.

THE COURT: This is not the week after Christmas -- well the 30th I guess is.

**Scanned Jan 26, 2012**

MR. TURPEN: I think it is.

THE COURT: Okay. Can you have an announcement the week before Christmas on December the 22nd?

MR. TURPEN: Okay.

DEPUTY CLERK: At 1:30? The clerk is going to get the blame.

MR. RODRIGUEZ: 9:00 o'clock is good.

THE COURT: I mean one announcement docket on one case, it should be 9:00 o'clock. That is what I'm thinking.

MR. FLANIGAN: I would say for -- if we'll do stuff on the 30th, let's do it at 9:00 o'clock as well.

THE COURT: Well, you'll not do anything on the 30th. I'm not doing anything on the 30th right now.

MR. FLANIGAN: Okay.

MR. GILMORE: Judge, I have a codefendant in this case.

MR. RODRIGUEZ: We would like to carry his case as well.

THE COURT: I know, but we'll try your case in November when I come over here.

MR. GILMORE: We'll try me?

THE COURT: You're my number one priority in life, John.

MR. GILMORE: Well, I do appreciate that, Judge.

LISA TUCKER RILEY, CSR, RPR

Scanned Jan 26, 2012

MR. RODRIGUEZ: Got to be number one with somebody.

THE COURT: Somebody has got to be number one.

DEPUTY CLERK: Pretrial?

THE COURT: A pretrial. How many pretrials have already been conducted in this case?

DEPUTY CLERK: Everyone has been passed. We really haven't addressed anything yet.

MR. FLANIGAN: We have one pretrial, Judge, where, like, the discovery motions and all the non-evidentiary motions were agreed to, but there have been no evidentiary trial.

THE COURT: The 25th of November -- no, that is the week before Thanksgiving. That is when you leave off the week after.

MR. TURPEN: I'm leaving the week after Thanksgiving. This is the week before.

THE COURT: All right. The 25th at 9:00 o'clock.

MR. TURPEN: At 9:00 o'clock.

THE COURT: And what that does is it has you appearing before the trial judge for your pretrial, for your announcement and for your jury trial. You stay hooked up with where the case is set.

All right?

LISA TUCKER RILEY, CSR, RPR

**Scanned  Jan 26, 2012**

MR. TURPEN:    Sounds good, Judge.

THE COURT:    Done.

*(End of proceedings)*

*         *         *         *

**STATE OF TEXAS**

**COUNTY OF ARANSAS**

I, **LISA TUCKER RILEY**, Official Deputy Court Reporter in and for the 156th District Court of Aransas, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $44.00 and will be paid in full by Aransas County.

WITNESS MY OFFICIAL HAND on this, the 11th day of March, 2009.

LISA TUCKER RILEY, CSR, RPR
Texas CSR #3895
Official Deputy Court Reporter
P.O. Box 700
Sinton, Texas 78387
Telephone: 361-364-9320
Expiration: 12-31-2010

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT   9

JUDGE WEILLBORN'S LETTER TO CARRIE CRISP APPLICANT'S HABEAS ATTORNEY



**MICHAEL E. WELBORN**

*District Judge*
*36th Judicial District*
P.O. Box 700
Sinton, Texas 78387-1303
361/364-9310
Fax: (361) 364-9410

**COUNTIES:**
Aransas
Bee
Live Oak
McMullen
San Patricio

October 5, 2012

The Law Office of Carrie Crisp
109 E. Hopkins, Suite 206
San Marcos, Texas 78666

> RE: The State of Texas v. Chadrick B. Pate, Cause A-08-5080-4-CR. In the 36th Judicial
> District Court of Aransas County, Texas.

Dear Counsel,

First, I apologize for not getting you a response on a more timely basis. I did have to do some research to determine the correct answers to some of your questions.

The Judges for the 36th, 156th and 343rd District Courts have concurrent jurisdiction in five different counties and the jurisdiction to generally exchange benches. The three Judges rotate from county to county on a set schedule and all criminal matters are set on available days without regard to which presiding Judge will be setting. In the matter involving Mr. Pate, it was my scheduled date to handle all criminal pre-trial matters in Aransas County. (All criminal cases are scheduled for pre-trial, announcement and jury trial at the docket call of all new indictments according to the published calendar for the three district judges.)

Regarding Mr. Pates case, research shows that I did preside over the pretrial matters that involved multiple defendants in the same criminal indictment. The docket reflects that the Court was considering a motion to sever, however the issue became moot when it was announced that it appeared one or more of the defendant's were going to waive their right to a jury trial in the pending matter. Counsel for the State, did move for a continuance on the active trial setting. Both State and Defendant agreed that said matter should be continued. I granted the State's Motion to Continue at the hearing on September 25, 2008. There were multiple orders presented and in the clerk's file at that time. The order presented to me at the hearing on September 25, 2008 was incorrect, as they presented the order on the motion to sever and not the order on the motion to continue. The order on the severance was signed by me in error on that date. The Court and the Clerk's office discovered the error before the order was formally filed (that same day) in the paper's of this cause. This is why the Order in question had not been file stamped.

Mr. Gilmore attorney for Mr. Pate filed the Motion for Severance that was scheduled for hearing on September 25, 2008.

Normally any order granting a motion is file stamped by the District Clerk's office after it is granted and signed by the Judge. This order was not file stamped because it was quickly determined that the wrong order was handed to the Judge for signing.

If you have additional questions, please do not hesitate to call or write. I do respond to appropriate email if time is of the essence. (Email: welbornme@aol.com.)

Respectfully,

Michael E. Welborn.
Judge Presiding
36th District Court.

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #015663340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT    10

CARRIE CRISP LETTER TO JUDGE WELLBORN

September 17, 2012

The Honorable Michael Welborn
Judge 36th District Court
P. O. Box 700
Sinton, TX 78387

*Via fascimilie to 361-364-9410*

IN RE: case *The State of Texas v. Chadrick B. Pate*, Cause No. A-08-5080-4-CR (HC1) in the 36th Judicial District Court for Aransas County, Writ no. WR-78, 165-01 in the Court of Criminal Appeals.

Dear Judge Welborn,

My name is Carrie Crisp and I am Chadrick Pate's habeas counsel. In June of 2012, I filed an application for a writ of habeas corpus on behalf of Mr. Pate, challenging both his murder conviction and the sentence for that conviction. One of the claims for relief is the denial of due process because Mr. Pate was tried with the co-defendant, Mr. Christopher Joseph Hall.

*During my pre-writ investigation, I discovered that Chad Pate's trial counsel,* John Gilmore, filed a Motion for Severance on July 31, 2008. Enclosure. The motion was granted on September 25, 2008, in an order that appears to have been signed by you. A copy of the order is also enclosed. The order to sever the trials of Pate and his co-defendant was not file stamped, nor was it recorded on the docket sheet for Pate's case. When my investigator spoke with Pam Heard, the district clerk for Aransas County (also the district clerk in 2008), Ms. Heard told her that the order granting the severance was "just a piece of paper" in the file because it was not file stamped.

I am not familiar with practice in Aransas County and was hoping you could shed some light on this situation. I called your office and spoke with Sylvia who informed me *that she thought it would be best if I sent a letter with my questions and the paperwork* from the case.

My questions are: How did the case come in front of you? Is this a normal situation? Did you sign the order granting the motion to sever? If so, why did you grant the severance? Who approached you with the motion for severance? Where did the order

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.

EX PARTE                                    FROM THE THE DISTRICT COURT

CHADRICK B PATE                             36TH JUDICIAL DISTRICT

TDCJ #01563340                              ARANSAS COUNTY, TEXAS

                                            CAUSE NO. A-08-5080-4CR


COVER SHEET

EXHIBIT 11
10/23/08 REPORTERS RECORD VOLUME 3 OF 9 CHADRICK PATE MOTION TO
DISMISS A-08-5080-4CR

*Motion to Dismiss*
*10-23-08*

REPORTER'S RECORD
VOLUME 3 OF 9 VOLUMES
TRIAL COURT CAUSE NO. A-08-5080-4CR

THE STATE OF TEXAS ) IN THE DISTRICT COURT

vs. ) ARANSAS COUNTY, TEXAS

CHADRICK B. PATE )

) 36TH JUDICIAL DISTRICT

FILED
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

JUN 10 2009

DORIAN E. RAMIREZ, CLERK

MOTION TO DISMISS BY_____

DELIVERED
JUN 10 2009
13th COURT OF APPEALS

*ORIGINAL*

On the **23rd day of October, 2008**, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Joel B. Johnson, Judge Presiding, held in Rockport, Aransas County, Texas.

Proceedings reported by computerized stenotype machine.

LISA TUCKER RILEY, CSR, RPR

*Motion to Dismiss*
*10-23-08*

**APPEARANCES**

**MR. MARCELINO RODRIGUEZ**
SBOT NO. 00797336
Assistant District Attorney
P.O. Box 1393
Sinton, Texas 78387
Telephone: 361-364-6220
***Attorney for the State***


**MR. JOHN S. GILMORE, JR.**
SBOT NO. 07958500
Attorney at Law
622 S. Tancahua
Corpus Christi, Texas 78401
Telephone: 361-882-4378
***Attorney for the Defendant***

MOTION TO DISMISS

**10-23-08**

PAGE VOL.

**DEFENDANT'S EVIDENCE**

| Chadrick B. Pate | Direct | Cross | V.Dire |
|---|---|---|---|
| By Mr. Gilmore | 5 v1 | | |
| By Mr. Rodriguez | | 14 v1 | |

**STATE'S EVIDENCE**

| Bryant Olson | Direct | Cross | V.Dire |
|---|---|---|---|
| By Mr. Rodriguez | 17 v1 | | |
| By Mr. Gilmore | | 24 v1 | |

Defense's Argument ..................................31  1

State's Argument ...................................32  1

Court's Ruling ....................................33  1

Reporter's Certificate .............................35  1

LISA TUCKER RILEY, CSR, RPR

*Motion to Dismiss*
*10-23-08*

**ALPHABETICAL INDEX OF WITNESSES**

|                    | Direct  | Cross   | V.Dire |
|--------------------|---------|---------|--------|
| Olson, Bryant      | 17 v1   | 24 v1   |        |
| Pate, Chadrick B.  | 5 v1    | 14 v1   |        |

LISA TUCKER RILEY, CSR, RPR

direct evidence that these documents were intentionally destroyed or taken away from your client there will be immediate relief for you and immediate bad news for someone else.

MR. GILMORE: Yes, sir.

THE COURT: Your motion is denied at this time.

MR. GILMORE: Yes, your Honor.

Just for scheduling, Judge, I know you're getting ready to take a recess, but I think we're set for --

THE COURT: November the 3rd.

MR. GILMORE: -- November the 3rd. And I talked to Mr. Rodriguez. I'm not sure that they have got everything ready that they need to have done, Judge.

MR. RODRIGUEZ: We're still waiting on some reports by a dive team that collected the weapon, your Honor, and we're getting further evaluation done on the handgun that was collected from the dive team. It's a matter of doing a report. The testing has already been done.

MR. GILMORE: Are you going to be the trial Judge or --

THE COURT: Yes. Yes.

MR. GILMORE: Are you going to be here for docket call? My only problem going to trial -- or other than I don't have everything that they have got so far, but I have a federal case that may go to trial in Judge Head's court. My

*Motion to Dismiss*
*10-23-08*

client is kind of vacillating. He doesn't know what he is going to do yet, so I haven't filed a motion for continuance. I'll know next week what he is going to do, but I just like to inform the Court of that.

THE COURT: What are y'all ready to try on November the 3rd?

MR. RODRIGUEZ: An attempted capital murder/sexual assault/injury to a child.

THE COURT: And the lawyers are ready?

MR. FLANIGAN: I think the primary case would be the attempted capital murder. Mr. Wimberly, that is Mr. Teague is defending on this case.

THE COURT: All right. Mr. Teague, and you understand him to be ready?

MR. FLANIGAN: I believe he is going to be ready.

THE COURT: Well, I think I'm going to leave it to the judge who hears the announcement docket.

MR. GILMORE: Okay. Judge, that is fine. I just wanted to let y'all know we may have a problem.

THE COURT: I have been trying to get all of Mr. Pate's cases off the docket as quickly as I can, John. I have got one off that nobody wanted to try, and it would be my pleasure to take another one off the docket that nobody wants to try.

*Motion to Dismiss*
*10-23-08*

MR. GILMORE:   Okay, Judge.

(End of proceedings)

\*     \*     \*     \*

LISA TUCKER RILEY, CSR, RPR

**STATE OF TEXAS**

**COUNTY OF ARANSAS**

I, **LISA TUCKER RILEY**, Official Deputy Court Reporter in and for the 156th District Court of Aransas, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $163.00 and will be paid in full by Aransas County.

WITNESS MY OFFICIAL HAND on this, the 11th day of March, 2009.

**LISA TUCKER RILEY, CSR, RPR**
Texas CSR #3895
Official Deputy Court Reporter
P.O. Box 700
Sinton, Texas 78387
Telephone: 361-364-9320
Expiration: 12-31-2010

LISA TUCKER RILEY, CSR, RPR

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

## COVER SHEET

## EXHIBIT    12

## CRIMINAL DOCKET SHEET CHRISTOPHER HALL A-08-5080-2CR

Scanned Mar 30, 2011

EX #2

1Q EX #12

# CRIMINAL DOCKET

CASE NO. A-5080-2

| NUMBER OF CASE | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| A-08-5080-2-CR | STATE OF TEXAS vs. | *Patrick Flanigan* STATE | Murder 19.02 1st Degree | 6 | 24 | 08 |
| | | | | Information, Index or Indictment | | |
| | Christopher Joseph Hall | Tamara Cochran May (apt) | Agg Assault / Eng in Org Crim Activity | | | |
| | | Stan Turpen | | Fee Book | | |
| | | | | Vol. | | Page |
| | | Richard Rogers, III DEFENDENT | 22.02/71.02 1st degree | | | |

| DATE OF ORDERS | | | Was Stenographer Used | ORDERS OF COURT | Minute Book | | WITNESSES |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | | | Vol. | Page | |
| 6 | 25 | 08 | | Capias issued; ??? in custody | | | |
| 7 | 7 | 08 | | Waiver of Arraignment filed | | | |
| 7 | 10 | 08 | | Case Set PT 7-24-08, Arr 7-31-08, JT 8-4-08 | | | |
| 7 | 24 | 08 | | PH - Discov - M/Investigar ~~Approved~~ approved - $500 granted | | | L. Riley |
| 7 | 31 | 08 | | MFC Granted Arr: 9/25/08 @ 1:30pm JT: 9/29/08 @ 9— | | | |
| 9 | 25 | 2008 | | Sx's Motion for Cont - Granted Reset JT to Nov. 3, 2008 @ 9—, Arr to Dec 30, 2008 @ 1:30pm PT to Dec. 23, 2008 @ 9— | | | (ST) |
| 10 | 23 | 08 | | Reset 1-5-09 @ 9:00 12-22-08 @ 9:00 11-25-08 @ 9:00 | | | L. Riley |

Turpin asked for reset

Ex #12

Ex #12 changed

100

HALL Didn't get a PreTrial on 11/25/08 Neither Did Chad 12/22 shows cont granted rest to Feb trial but there is no Con-Motion or Order on file in Record

ALL

V No. 08 5080-C

| DATE OF ORDERS | | | ORDERS OF COURT CONTINUED | Minute Book | | PROCESS |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| 11 | 25 | 2008 | Hearing on Pre-Trials — Orders entered on Disc., Extraneous Granted | | | LP |
| | | | offenses Grant, Motion to Inspect Premises — Denied with Qualification | | | |
| | | | Motion on Preemptory Strikes Granted, Motion to Reveal Deal Granted | | | |
| | | | Motion to Inspect Granted; Motion to Voir Dire — | | | |
| | | | Expert — Carried to Trial — Motion to Sever — Carried to | | | MTC |
| | | | Trial | | | |
| 12 | 22 | 2008 | Cont Granted Reset to Feb. Trial Docket w/ amen (Therein) | | | |
| 2 | 5 | 09 | R- #1 - Late filed M/ Supress — + M/ Expert Strike — | | | LR |
| 2 | 9 | 09 | all R — Shuffle requested by Draft — VD begin 12:15 — 3:10 | | | 8A |
| | | | Jury seated & Sworn @ 3:30 — Dx arraigned - Plead NOT GUILTY | | | |
| | | | b Ct 1· Ct 2 — Opening by Sx — Ax 2, Ax 4 reserve — | | | |
| | | | Jury released @ 5pm before @ 9 | | | |
| 2 | 10 | 09 | Testimony resumed @ 9:15 Break @ 10:30 - resumed @ 10:50 — | | | |
| | | | lunch break @ 12 - @ 1 pm M/ Supress Photographic Identification | | | |
| | | | held outside jury presence — SX-27, 28 — Denied | | | |
| | | | M/ for VD of Expert W' - Ct finds Pixell is an expert - testimony is | | | |
| | | | relevant & probative value out weigh prejudicial potential — testimony will | | | |
| | | | be allowed — Jury brought in @ 2pm - Break @ 3:11 - 3:28 | | | |
| | | | recessed for day @ 5:30pm — Ct reviewed . disclosed Criminal | | | |
| | | | history | | | |

NOT IN RECORD

101

# CRIMINAL DOCKET

CASE NO. A 08-5080-2

Scanned Mar 30, 2011

| NUMBER OF CASE | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| | STATE OF TEXAS | Patrick Flanigan    STATE | | 6 | 24 | 08 |
| A 08 5080-2 | vs. | | Murder | Information, Index or Indictment | | |
| | Christopher Hill | Stan Turpen | | | | |
| | | | | Fee Book | | |
| | | | | Vol. | | Page |
| | | DEFENDENT | | | | |

| DATE OF ORDERS | | | Was Stenographer Used | ORDERS OF COURT | Minute Book | | WITNESSES |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | | | Vol. | Page | |
| 2 | 11 | 09 | | Hearing re admissibility of Leal's gang reports - ruling made on record - Testimony begins 9:10 - 10:30 a Break 10:45 - lunch breake 12:25 - Ct review criminal testimon disclosed offense to Axally - Testimon resume 1:30 - break - 4:12 Testimony resumed - Concluded f Day @ 5p | | | 8A |
| 2 | 12 | 09 | | Testimon resumed @ 9:10a - Break @ 10:15 - 10:34 - 12:25 lunch - 1:53 testimon resum - Sx rests Defense + Sxy rest @ 2:43 jury recessd f a brede 2:45 - retired to delibe @ 6:28 Verdict of Guilt @ 8:00pm - Jury return @ 10a | | | |
| 2 | 13 | 09 | | Jury broopt in @ 10:00 - Sx made opening stat Sxy retired to delibr @ 10:32am - Verdict 12:46pm verdict 99 yrs IDMCT + $10,000 fine | | | 8A |

Scanned Mar 30, 2011

No. 08-5080-Z

| DATE OF ORDERS | | | ORDERS OF COURT CONTINUED | Minute Book | | PROCESS |
| Month | Day | Year | | Vol. | Page | |
|---|---|---|---|---|---|---|
| 3 | 5 | 09 | Dx sentence & accept. & indict - to be signed for | | | |
| 3 | 30 | 09 | Notice of Appeal filed / Judgment filed | | | |
| 9 | 16 | 09 | Hearing held w. order from ct of app 8/27/09 - Mr. Turner, Stab, Dx present - Ct allows Mr. Turner to withdraw as Y counsel of Dx - Dx found to be indigent + Churlog, III is appointed to represent Dx on appeal - | | | Rls |
| 8 | 30 | 10 | Judg + Opinion from COA filed - Affirmed | | | |
| 1 | 24 | 11 | Mandate filed | | | |

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

## COVER SHEET
## EXHIBIT 13

## 11/25/08 REPORTERS RECORD VOLUME 5 OF 11 PRE TRIAL HEARING CHRISTOPHER HALL A-08-5080-2CR

REPORTER'S RECORD
VOLUME __5__ OF __11__ VOLUMES
TRIAL COURT CAUSE NO. A-08-5080-2CR

THE STATE OF TEXAS        ) IN THE DISTRICT COURT
                          )
vs.                       ) ARANSAS COUNTY, TEXAS
                          )
CHRISTOPHER JOSEPH HALL   )
                          ) 36TH JUDICIAL DISTRICT

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 10 2011

Louise Pearson, Clerk

PRETRIAL HEARING

— Original produced on March 11, 2009 —

COPY

On the **25th day of November, 2008,** the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Michael Welborn, Judge Presiding, held in Rockport, Aransas County, Texas.

Proceedings reported by computerized stenotype machine.

**APPEARANCES**

**MR. MARCELINO RODRIGUEZ**
SBOT NO. 00797336
Assistant District Attorney
P.O. Box 1393
Sinton, Texas   78387
Telephone:   361-364-6220
***Attorney for the State***


**MR. STANLEY A. TURPEN**
SBOT NO. 20344300
Attorney at Law
P.O. Box 1209
Portland, Texas   78374
Telephone:   361-643-6422
***Attorney for the Defendant***

*Does Not List Null but under proceedings shows Defendant present*

# PROCEEDINGS

*(Defendant present)*

THE COURT: Good morning, Mr. Turpen.

MR. RODRIGUEZ: I'll get the file, your Honor, if we can go through it.

THE COURT: Which file?

MR. RODRIGUEZ: Mr. Hall's.

MR. TURPEN: Judge, for the record, I have talked with the State, and I have also talked to Mr. Gilmore. Mr. Gilmore has the Codefendant Pate. I represent Mr. Hall.

THE COURT: Okay.

MR. TURPEN: And Tamara Cochran-May represented him before I was, and there was a motion to sever that was filed, and they were going to not go forward on that motion. I have talked to my client and he in agreement.

I have also checked with Mr. Gilmore, and it's my understanding he is in agreement with that, too, unless his client tells him something different. That was my understanding.

THE COURT: Who is the codefendant?

MR. TURPEN: Pate is the last name.

THE COURT: Pate.

MR. RODRIGUEZ: Chadwick.

MR. TURPEN: Chad --

MR. RODRIGUEZ: Chadrick.

*Handwritten margin notes:*

*Judge Welhan had just presided over Chad's MTD on 9/25/08 [illegible] and reset for [illegible] and hearing for 11/3/08. Chad was not in attendance.*

*[illegible] fall/13*

*That same day 9/25/08 Welhan presided over Hallie Pre-Lim and*

THE COURT: When is that one scheduled for trial?

MR. TURPEN: Right now January the 5th. NO

THE COURT: Okay. Well, both cases on the same trial docket at this time?

MR. RODRIGUEZ: Yes, your Honor.

THE COURT: Okay. Well, it's kind of hard to try them at the same time if it's not on the same docket.

MR. TURPEN: I understand, Judge.

THE COURT: Minor technicality.

DEPUTY CLERK: And also Mr. Gilmore is not supposed to be here on the 5th. He will be on vacation till the 9th.

THE COURT: Yeah, supposed to be.

MR. RODRIGUEZ: Your Honor, may we approach on --

THE COURT: On what, Hall? Did you bring my file back in? I was going to say, no, you can't, because I don't have a file.

MR. RODRIGUEZ: We have reached an agreement on pretty much all the motions, your Honor.

MR. TURPEN: That's correct.

MR. RODRIGUEZ: We went ahead and marked the discovery motion.

THE COURT: All right. Well, are these motions

LISA TUCKER RILEY, CSR, RPR

that you have filed, Mr. Turpen?

MR. TURPEN: They are, Judge. I went ahead and just refiled all the pretrial motions. The only one I was going to carry over from Tamara's was the motion to sever. I don't think we're going to use them.

THE COURT: All right. Well, we have got the -- all right. You've got an order on discovery here?

MR. TURPEN: Yes.

THE COURT: It looks like it has got some pen-and-ink changes on it. This particular order, is that the one?

MR. TURPEN: Yes, sir.

THE COURT: Y'all are agreeing that this order should be entered; is that correct?

MR. RODRIGUEZ: Yes, your Honor.

THE COURT: By the agreement of counsel then the order shall be entered on discovery.

MR. TURPEN: Thank you, Judge.

THE COURT: Motion in limine we'll take up I guess at time of hearing.

MR. RODRIGUEZ: Yes, Your Honor.

THE COURT: I'm looking at the different orders here that are contained. There is a motion for severance, and I believe that has been withdrawn; is that correct?

MR. RODRIGUEZ: That's correct, your Honor.

THE COURT: Is that correct?

MR. TURPEN: Judge, what I would like to do on that is leave it in the file just in case we need it because I did talk to Gilmore. Gilmore says he didn't see any reason to sever unless his client talks otherwise, but I haven't talked back with him to know that, and I don't think he has a motion in the file.

THE COURT: All right. Then no ruling on the motion to sever.

MR. TURPEN: Thank you, Judge.

THE COURT: Motion to inspect and examine and test physical evidence.

MR. RODRIGUEZ: Not a problem, your Honor.

THE COURT: Granted.

MR. RODRIGUEZ: The only stipulation is that is done by appointment and we have somebody there to lay it out for him.

MR. TURPEN: At the sheriff's office.

THE COURT: You'll just need to make an appointment to go wherever the items are.

MR. TURPEN: Okay.

THE COURT: Motion to require State to reveal agreement. In other words, that is the deal. This is the agreement with whom?

MR. RODRIGUEZ: The codefendants, and that's

*Pretrial Hearing*
*11-25-08*

basically a public record now since they went ahead and entered their pleas.

MR. TURPEN: I have been told they have -- they have it in each one of their files. That is sufficient for me. He said it was the same deal for each codefendant; is that correct?

MR. RODRIGUEZ: Yes. Each one received the same plea offer.

THE COURT: So basically no objection to it. It's granted, and I would just simply indicate see codefendants' plea bargains.

MR. TURPEN: Yes, sir.

THE COURT: And they are a public record.

MR. RODRIGUEZ: Just awaiting sentencing at this point.

MR. TURPEN: I understand.

THE COURT: This is one of the group that I accepted the plea bargain on?

MR. RODRIGUEZ: That's correct, your Honor.

THE COURT: That we're waiting to get sentenced. Okay.

What is this motion to instruct State's attorney to refrain from racial discrimination in the exercise of peremptory strikes?

MR. RODRIGUEZ: It's kind of like that

preemptive *Batson.*

THE COURT: I don't think --

MR. RODRIGUEZ: I --

THE COURT: -- the Court needs to grant any motion in that regards. That is the law.

MR. TURPEN: I understand, Judge. I have talked to the State about it, but this case involves or at least the allegations are that Mr. Hall is involved with a gang that is probably known for racial epithets and things that I just wanted to preclude that from even coming up.

THE COURT: That's a *Batson.*

MR. TURPEN: Here in Rockport I don't think it will any way.

THE COURT: That is a *Batson* issue at time of trial.

MR. TURPEN: Yes, sir.

THE COURT: And the State will always be instructed not to do that. I'm going to grant the motion.

MR. TURPEN: I understand, Judge.

THE COURT: Although I don't think it's necessary, and you'll be ordered not to do that.

MR. RODRIGUEZ: Yes, your Honor.

THE COURT: And they'll --

MR. RODRIGUEZ: And I'll refrain from doing that.

THE COURT: Motion for inspection of premises.

MR. TURPEN: It's a trailer and a yard in between.

MR. RODRIGUEZ: The only problem we have with that, your Honor, is I'm not sure who has the premises now. It was a trailer. I'm not even sure it's still there. At one time it belonged to the mother of the victim. Of course, the victim is now, of course, deceased. The mother that was living there is in custody, and the children are with CPS. So there are basically -- unless someone else moved in. I don't know who controls the premises. I told Mr. Turpen that I'll try to find out who has it and make it available to him if I can.

MR. TURPEN: I'm not asking that the defendant be present. I'm just for my personal viewpoint.

THE COURT: I understand that. I have but one question in that particular matter, and I think the issue will always remain is is the premises under the control of the State, and the answer is, no, it's not, is it?

MR. RODRIGUEZ: No.

THE COURT: I don't know how the State -- I can order the State to allow you to attend the premises when they don't have control of the premises.

MR. TURPEN: I understand. I guess we have an agreement I think between us to find out who has control and

Scanned Jan 26, 2012

try to set something up where I can go out there and look at it.

MR. RODRIGUEZ: I will make an effort to assist him to get the information.

THE COURT: That's exactly what I'm putting on the order. I'm denying it but State is to assist in viewing of premises and not to take any measures that would deprive him of the ability to examine it.

MR. RODRIGUEZ: If anything I can get a floor plan for him.

MR. TURPEN: That's fine.

MR. RODRIGUEZ: Tracy Watson who was living in the residence is still here. I can probably get a diagram --

MR. TURPEN: Get a diagram of the yard.

MR. RODRIGUEZ: -- or something. That may be of assistance to defense counsel.

THE COURT: All right. Assist as best you can in that, and most importantly don't take any action that would deprive him of the ability to examine the premises noting that it's not controlled by the State.

The only other thing we have is a motion for voir dire of expert witnesses. What is this?

MR. TURPEN: Basically it's a *Daubert* challenge. I have talked to the State. What I'm going to do is ask the Court to hold it in abeyance until trial. I think I may be

able to resolve it without having to have that type of hearing.

I have been informed by the State, number one, I have got the expert's names. I can call them; review the stuff with them, but also it's my understanding one of these tests, the scent test.

MR. RODRIGUEZ: The scent lineup.

MR. TURPEN: They are going to have one of these supposedly in -- Ms. Cable is going to have one in Sinton on the 15th or something like that, so I may be able to come up there.

THE COURT: I have heard about those things.

MR. RODRIGUEZ: And I'll provide him with information, the curriculum vita of the expert that will do that.

THE COURT: Isn't the expert the dog?

MR. RODRIGUEZ: Well, the handler.

THE COURT: I mean, if you want to voir dire a dog, feel free.

MR. RODRIGUEZ: The dog did have training, so I guess there is a certification.

THE COURT: I mean, which one is the witness? Which one is the expert witness?

MR. TURPEN: The dog or the trainer?

THE COURT: The dog or the trainer? I think the

Scanned Jan 26, 2012

dog is the witness. I would be willing to grant that one to see him voir dire a dog. I would like to watch that.

Okay. Yeah. Well, just hold that off. I think I know where you're going on that.

MR. RODRIGUEZ: My understanding is the bloodhound is very truthful.

THE COURT: And I don't think that the defense has to file any specific motion and be granted a motion to voir dire an expert witness. I think they are just putting you on notice as far as I'm concerned as far as admissibility of any testimony regarding any type of expert areas. You're always entitled to take the witness on voir dire to determine the competency and ask the Court to make such a determination --

MR. TURPEN: understand.

THE COURT: -- even at the time of hearing.

MR. TURPEN: was going to try to do it outside the presence of the jury, but I think we can probably resolve it.

THE COURT: The Court would prefer that if it is an issue that is going to be in the trial of the case, it would be best to do this ahead of time if we know that it's going to be an issue --

MR. TURPEN: I will.

THE COURT: on a pretrial matter versus

THE COURT:  Okay.  Anything else on your pretrials?

MR. TURPEN:  That's all I have, Judge.

THE COURT:  All right.  Well, very good.  Those orders will enter as reflected.

MR. TURPEN:  Thank you, Judge.

Also I think all the other -- I have asked that all the other motions that Ms. Tamara Cochran-May be filed, have those be struck at this time, too, so there is no confusion.

THE COURT:  Okay.

MR. TURPEN:  I'm not sure what she filed.

THE COURT:  All right.

MR. TURPEN:  I just think it's cleaner to go forward with what I have got.

THE COURT:  You're going forward on your motions only?

MR. TURPEN:  Right, except for the motion to sever in case Mr. Gilmore comes back and says his client wants to sever and needs to sever or something.  We'll bring it back.

THE COURT:  I think it's more than a want or a need.  I think there has to be some purpose behind some specific reason the case needs to be severed such as prior criminal history or something of that nature.

Pretrial Hearing
11-25-08

MR. TURPEN: Yes, sir.

THE COURT: All right. Very good. Very good. We'll see everybody on the next setting date, whenever that may be.

MR. RODRIGUEZ: December 22nd.

THE COURT: Well, we'll see everybody on that date. That's me.

(End of proceedings)

\* \* \* \*

LISA TUCKER RILEY, CSR, RPR

**STATE OF TEXAS**

**COUNTY OF ARANSAS**

I, **LISA TUCKER RILEY**, Official Deputy Court Reporter in and for the 36th District Court of Aransas, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $78.00 and will be paid in full by Aransas County.

WITNESS MY OFFICIAL HAND on this, the 11th day of March, 2009.

**LISA TUCKER RILEY, CSR, RPR**
Texas CSR #3895
Official Deputy Court Reporter
P.O. Box 700
Sinton, Texas 78387
Telephone:  361-364-9320
Expiration:  12-31-2010

LISA TUCKER RILEY, CSR, RPR

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE                                  FROM THE THE DISTRICT COURT

CHADRICK B PATE                           36TH JUDICIAL DISTRICT

TDCJ #01563340                            ARANSAS COUNTY, TEXAS

                                          CAUSE NO. A-08-5080-4CR


## COVER SHEET

## EXHIBIT    14

### 2/5/09 REPORTERS RECORD VOLUME 5-A OF 11 PRE TRIAL HEARING CHRISTOPHER HALL S-08-5080-2

Scanned Jan 26, 2012

*Pretrial Hearing*
*2-5-09*

EX #15
44,275-04

REPORTER'S RECORD
VOLUME 5-A OF 11 VOLUMES
TRIAL COURT CAUSE NO. S-08-5080-2

THE STATE OF TEXAS ) IN THE DISTRICT COURT
)
vs. ) ARANSAS COUNTY, TEXAS
)
CHRISTOPHER JOSEPH HALL )
) 36TH JUDICIAL DISTRICT

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 10 2011

Louise Pearson, Clerk

PRETRIAL HEARING



ORIGINAL

On the **5th day of February, 2009,** the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Janna K. Whatley, Judge Presiding, held in Rockport, Aransas County, Texas.

Proceedings reported by computerized stenotype machine.

LISA TUCKER RILEY, CSR, RPR

DocuSign

Scanned Jan 26, 2012

**APPEARANCES**

**MR. PATRICK L. FLANIGAN**
SBOT NO. 07109600
District Attorney
P.O. Box 1393
Sinton, Texas  78387
Telephone:  361-364-9390
*Attorney for the State*


**MR. STANLEY A. TURPEN**
SBOT NO. 20344300
Attorney at Law
P.O. Box 1209
Portland, Texas  78374
Telephone:  361-643-6422
*Attorney for the Defendant Hall*


**MR. JOHN S. GILMORE, JR.**
SBOT NO. 07958500
Attorney at Law
622 S. Tancahua
Corpus Christi, Texas  78401
Telephone:  361-882-4378
*Attorney for the Defendant Pate*

Scanned Jan 26, 2012

# PROCEEDINGS

*(Defendant present)*

MR. FLANIGAN: I'm ready on Hall. I'm not happy with a late-filed motion to suppress that we have in Mr. Hall's case.

THE COURT: It's not set for pretrial.

What is your motion, Mr. Turpen?

MR. TURPEN: Judge, well, first of all, I'm ready for trial subject to I have carried over, with Judge Welborn's permission, the Daubert challenge concerning the dog patch sniff test. I have talked to Mr. Gilmore. We feel it's probably a good idea to go ahead and go forward with that. I have also --

THE COURT: I don't know how Judge Welborn can carry over an evidentiary hearing without checking with everybody. Do you-all know about that?

MR. TURPEN: The State's attorney was present when he did that, Judge, at the last pretrial hearing. That's when we went through it. My understanding at that point the State wasn't ready to go forward with it that day; neither were we. That is why --

THE COURT: Carried to trial. It's not carried to pretrial; carried to trial.

MR. TURPEN: Exactly. Carried to trial.

THE COURT: Oh, okay.

MR. TURPEN: That's what I'm asking for is to carry it to trial. I don't think it will take that long. I just -- I have talked to David Cano. David Cano told me that you-all had one in Sinton, and evidently it was granted, so...

THE COURT: Are you talking about as far as a Daubert challenge?

MR. TURPEN: There was another Daubert challenge against the same witness and in Sinton.

THE COURT: Don't know nothing about it.

MR. TURPEN: Month and a half go.

MR. FLANIGAN: Judge Johnson heard that hearing and denied the defense challenge --

MR. TURPEN: Correct.

MR. FLANIGAN: -- to that evidence by the Court, not that it makes any difference in this trial, but --

THE COURT: I don't know anything about it. Okay.

MR. TURPEN: Then on this case I was brought in on this case when Tamara Cochran-May --

THE COURT: I know all of it. That is why we reset it this far down the road.

MR. TURPEN: I have talked with Tamara. What I have got is a motion to suppress on a photographic lineup. In the photographic lineup that I had from Tamara there was only one in there for Mr. Hall. Now, I filed my pretrial motions,

Scanned Jan 26, 2012

the Daubert challenge and all the stuff in there and went through it. At that point I didn't see any issues with photographic lineups based on what I had seen.

Later, and I can't give you the exact date but I believe it was the early part of January, that first week in January, I received some supplemental discovery from Mr. Rodriguez, one of those being a photographic lineup of Mr. Hall where he is identified as No. 5. I checked with Tamara. We did not have that in our discovery before.

After I went -- through the first week in January I had a trial that lasted most of the week in Kleberg. The second week I was sick. I got sick the first week. So I spent the second week trying to recover. The last two-and-a-half weeks I spent getting ready on this trial.

When I sat down with Mr. Hall, Mr. Hall who has been looking at these photographs for a long time before I even -- I got the case, he noticed something that I had not seen and what he has put in here I put in my motion to suppress photographic lineup. He is alleging, and I certainly can't answer his questions on it, that the two photo arrays that deal with him have been tampered with. The reason that he has brought this up is that when you look at the other photo arrays for all the other codefendants the location of the codefendant in the photo array is always the same and the people surrounding him have not changed.

Scanned Jan 26, 2012

In Mr. Hall's photographic lineup, the two lineups, for some reason his location changes from five to three and there is also different people that are surrounding him. So he is alleging that the photographic arrays were tampered with and that when the witnesses look at this, that there is a substantial likelihood of misidentification of the defendant in trial as a result of this procedure, specifically the tampered photo arrays of the defendant were different than the photo arrays of the codefendant.

The defendant's picture was rotated and submitted with each array having different people around the defendant, both acts --

THE COURT: I don't need you to read your motion, Mr. Turpen.

MR. TURPEN: I'm just explaining.

THE COURT: Explain in normal terms. You're reading.

MR. TURPEN: Okay. Explaining --

THE COURT: Your client thinks your photo array is messed up. Cool.

So, Mr. Flanigan?

MR. TURPEN: And I think it would take probably five or ten minutes, and I would ask that it be carried to trial along with the Daubert challenge. That's why I filed it today so there wouldn't be more of a surprise than what there

Scanned Jan 26, 2012

is, if there is a surprise, instead of waiting till the day of trial like I filed it today as soon as I found out there was some issue that I have not seen.

MR. FLANIGAN: Well --

THE COURT: Sorry, guys. I haven't touch the cases before. It's all new to me.

MR. FLANIGAN: Unfortunately the State is stuck. Either we have to deal with late filed motions or we have to deal with ineffective assistance of counsel. Because business doesn't get taken care of in a timely fashion and according to the rules and according to the Court's schedule, we're going to object. I'm not going to be surprised if the Court goes ahead and has a hearing however long it takes anyway, but, you know, we're just at the mercy of the Court or at the pleasure of the Court. Let me put it that way.

THE COURT: Who needs to be witnessed? I mean, who is supposed to be the witness on this? You're talking about five minutes. There is no way you can do it in one witness in five minutes.

MR. TURPEN: Well, you have got Officer Brooks and one of the officers, probably Matt Baird.

THE COURT: Is that right? Do you know?

MR. FLANIGAN: You know, Judge, I have no idea. I got this about three minutes before I walked into court to deal with the schedules of this matter.

THE COURT: Okay. All right.

MR. FLANIGAN: So --

THE COURT: You need to figure out who it is and I want to know how much time and when it is going to be done then. Okay? I need to know who the witnesses are so we can get them here to deal with it.

MR. FLANIGAN: I assume that they'll be here any way, Judge. They'll be available.

MR. TURPEN: They are on his witness list.

THE COURT: Okay. Just make sure they are. Okay.

MR. TURPEN: Judge, I think the Court needs me -- well, I usually try to file these things in a timely manner. This is one of those situations where I have got new information. Granted if I could have gotten on top of it the first week in January when it was handed to me, that would have probably been a better situation, but that's not the way it happened.

THE COURT: Okay. What else?

MR. TURPEN: Other than that I would ask that the Daubert challenge be taken up. Other than those two issues we're waiting to go to trial.

I have checked with my client he has also told me that his mother, who is present today, that they have brought him clothing to the jail. He has not been able to

even look at the clothing yet, and I'm sure there is some --

THE COURT: He won't. They'll put it on him. They have got it. I'm sure all -- like all the other jails, they have it.

THE OFFICER: They'll dress him out Monday morning.

MR. TURPEN: That is my request, Judge, is to at least have him try on the clothes before trial, because if they need to be altered --

THE COURT: I'm not in charge of the jail, Mr. Turpen. I'm sorry. You'll have to talk to somebody else about that. Okay? We're having a meeting at 3 o'clock, but you're asking things of me to do that I have no control over.

MR. TURPEN: I'll certainly address that with the sheriff.

THE COURT: What else?

MR. TURPEN: That's all I can think of, Judge.

THE COURT: Okay. Who is doing punishment?

MR. TURPEN: Ma'am?

THE COURT: Who is doing punishment?

MR. TURPEN: I have to talk to my client. He has still not decided yet.

THE COURT: Before 9 o'clock it must be filed.

MR. TURPEN: I understand, Judge.

THE COURT: Mr. Gilmore?

MR. GILMORE: I think we're going to jury for punishment.

THE COURT: File your election before 9 o'clock.

MR. GILMORE: Okay.

THE COURT: All right.

(Another case called for announcement)

MR. TURPEN: Yes. Judge, announcement on punishment, I'm pretty sure it will probably be the jury because we did discuss that at the jail yesterday evening, but --

THE COURT: Okay. If you-all don't tell me now otherwise it defaults to me. When I start at 9 o'clock Monday morning it goes to the judge. I have to stop it because I can't get anybody moving on this stuff, and I have one person that has done it today.

All right. Number one is Hall and Pate.

Number two is Barns, subject to Mr. Roger's availability, three is Ramirez, four is Moreno, five is Satterlee, six is Campos, and I have down seven and eight for Moreno, but I know we won't try both of them.

MR. FLANIGAN: Which Moreno are you speaking about?

THE COURT: Ramiro. I'm sorry. I'm looking at Moreno. Instead I wrote them down seven and eight. Then nine and ten, last two, Chupe and Soliz.

MR. FLANIGAN: Okay. Thank you, Judge.

THE COURT: Okay.

*(End of proceedings)*

                    *    *    *    *

**STATE OF TEXAS**

**COUNTY OF ARANSAS**

I, **LISA TUCKER RILEY**, Official Deputy Court Reporter in and for the 36th District Court of Aransas, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $61.50 and will be paid in full by Aransas County.

WITNESS MY OFFICIAL HAND on this, the 21st day of July, 2011.

**LISA TUCKER RILEY, CSR, RPR**
Texas CSR #3895
Official Deputy Court Reporter
P.O. Box 700
Sinton, Texas 78387
Telephone: 361-364-9320
Expiration: 12-31-2012

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #015663340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT    15

MASTER INDEX CHRISTOPER HALL REPORTERS RECORD 1-11 PAGE 2

**Scanned Jan 26, 2012**

Correspondence to Defendant ........................................................ 217

Judgment of Conviction by Jury; Sentence by Jury to Institutional Division, TDCJ ..... 218

Receipt for Pen Packet ............................................................. 223

Notice from Court of Appeals ....................................................... 224

Claim for Felony/Juvenile Attorney Fees ............................................ 225

Correspondence from Defendant ..................................................... 228

Cover Letter ...................................................................... 229

Order from 13th Court of Appeals ................................................... 230

Notice of Setting ................................................................. 233

Correspondence from Defendant ..................................................... 234

Order Allowing Withdrawal of Counsel and Appointing New Counsel ................... 236

Affidavit of Indigence with Order Appointing Counsel ................................. 238

Fax Notification of Appointment .................................................... 243

Cover Letter from Court of Appeals ................................................. 245

Judgment and Opinion from Court of Appeals (Withdrawn) ............................ 246

Cover Letter from Court of Appeals ................................................. 277

Judgment and Opinion from Court of Appeals ......................................... 278

Claim for Felony/Juvenile Attorney Fees ............................................. 309

Correspondence from Defendant ..................................................... 310

Correspondence to Defendant ....................................................... 312

Correspondence from Court of Appeals ............................................... 313

Mandate .......................................................................... 314

Court Docket Sheet ................................................................ 315

Certification ...................................................................... 319

v

**Scanned Jan 26, 2012**

State's Application for Subpoena ............................................... 189

Subpoena Returned Served
   Justin Padgett ................................................. 161

Motion to Suppress Photographic Identification ............................... 162

State's Application for Subpoena ............................................. 165

Subpoena Returned Served
   Jennifer Leyva ................................................ 167
   Roy Lytle .................................................... 168
   Ernest Solis ................................................. 169

Defendant's Election as to Punishment ....................................... 170

Strike List - State .......................................................... 172

Strike List - Defense ....................................................... 174

Jury Chosen ................................................................ 176

Jury Note 1 ................................................................. 178

Charge of the Court ......................................................... 179

Verdict .................................................................... 191

Jury Note 1 ................................................................. 193

Punishment Charge .......................................................... 194

Verdict .................................................................... 198

Trial Court's Certification of Defendant's Right of Appeal .................... 199

Order to Withhold .......................................................... 200

Notice of Appeal filed Pro Se ............................................... 201

Order Appointing Counsel ................................................... 202

Notice of Appeal to Court of Appeals ........................................ 203

Notice of Appeal ........................................................... 204

Written Designation Specifying Matters for Inclusion in Clerk's Record ....... 207

Request for Preparation of Reporter's Record and Designation of Matters
to be Included ............................................................. 210

Amended Notice of Appeal to Court of Appeals ............................... 212

Correspondence to Court of Appeals ......................................... 213

Correspondence from Court of Appeals ....................................... 214

Correspondence from Defendant ............................................. 216

*(handwritten margin note): no order for cont. order, no entry*

iv

**Scanned Jan 26, 2012**

**CAUSE NO. A-08-5080-2-CR(HC3)**

| | | |
|---|---|---|
| EX PARTE: | ( | IN THE DISTRICT COURT |
| | ) | 36TH JUDICIAL DISTRICT |
| CHRISTOPHER JOSEPH HALL | ( | ARANSAS COUNTY |

## INDEX

Index ............................................................ i

Order from Court of Criminal Appeals ............................. 1

Correspondence to Judge and District Attorney ................... 4

Order Appointing Attorney ....................................... 5

Order from District Court Judge Janna K. Whatley ................ 6

Indictment 4.25 ....... 6/24 .................................... 8

Affidavit of Indigence with Order Appointing Counsel 8-10 3/13/08 ... 11

Fax Notification of Appointment. Me under Cochran ............... 17

Receipt for Capias and Precept from Sheriff Department 6/25 ..... 19

Correspondence to Attorney ..................................... 20

Capias Returned Served ✓ ....................................... 21

Precept Returned Served ✓ ...................................... 22

Correspondence from Defendant .................................. 23

Waiver of Arraignment ..... 7/7/08 ............................. 25

Motion for Discovery with Order 7/7 ... 7/21 granted 7/24 ...... 27

Motion for Authorization to Expend Funds for Investigator 7/21 grant 7/24 ... 39

Correspondence from Defendant .................................. 41

Motion for Continuance ...... 7/31 Cochran guereaon gark 7/3 .... 43

Order on Motion for Continuance .. granted 7/3.1 ............... 44

Order on Motion for Authorization to Expend Funds for Investigator ... 46

Setting Notice ................................................. 47

Motion to Sever 8/5 STATES Morion for cont 9/25 ............... 48

Defendant's Application for Subpoena ........................... 50

i

# HALL MASTER INDEX

## TABLE OF CONTENTS

VOLUME 1: Master Index

VOLUME 2: Pretrial Motions Hearing — Cochran May (Hall Pleser

VOLUME 3: Announcement (9-25-08) STATE MTC granted by Severence held over Reset Trial date 11/3/08 Pretrial for 10/23

VOLUME 4: Pretrial Hearing (10-23-08)

VOLUME 5: Pretrial Hearing (11-25-08) MISSING Pretrial for — 02/05/09

VOLUME 6: Jury Trial -- Voir Dire Proceedings (2-9-09)

VOLUME 7: Jury Trial -- Guilt/Innocence (2-9-09)

VOLUME 8: Jury Trial -- Guilt/Innocence (2-10-09)

VOLUME 9: Jury Trial -- Guilt/Innocence (2-11-09)

VOLUME 10: Jury Trial -- Guilt/Innocence (2-12-09)

VOLUME 11: Jury Trial -- Punishment-Sentencing (2-13-09)
Trial Exhibits

-oOo-

Where There

R E P O R T E R ' S   R E C O R D

VOLUME ____ OF _11_ VOLUMES

Trial Court Cause Number A-08-5080-2-CR

| THE STATE OF TEXAS | * | IN THE DISTRICT COURT OF |
| | * | |
| VS. | * | ARANSAS COUNTY, TEXAS |
| | * | |
| CHRISTOPHER JOSEPH HALL | * | 36TH JUDICIAL DISTRICT |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MASTER INDEX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

# ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 10 2011

Louise Pearson, Clerk

IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT   16

INDICTMENT CHRISTOEHER HALL A-08-5080-2CR

Scanned Jan 26, 2012

*FROM HAUS' File*
*#16*

## INDICTMENT

**THE STATE OF TEXAS vs. MICHAEL JASON UNDERWOOD, CHRISTOPHER JOSEPH HALL, ANTHONY LEE RAY, CHADRICK B. PATE, AND KEVIN RAY TANTON**

**OFFENSE**   Murder, Aggravated Assault /Engaging in Organized Criminal Activity
TPC Sec. 19.02 / First Degree Felony
TPC Sec. 22.02 / 71.02 // First Degree Felony

**WITNESS**   Michael Brooks, Russell Kirk

CAUSE # *A-08-5080-2-CR*   FILED ON *6/24/08*   BAIL S *500,000*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

#### Count One

COMES NOW THE GRAND JURORS for the County of Aransas, State aforesaid, duly selected, organized, impaneled and sworn as such at the April Term, A.D. 2008, of the 36th Judicial District Court, in and for said County, a quorum thereof being present, upon their oaths present in and to said Court that **MICHAEL JASON UNDERWOOD, CHRISTOPHER JOSEPH HALL, ANTHONY LEE RAY, CHADRICK B. PATE, and KEVIN RAY TANTON, acting alone and together,** on or about the 4th day of January, A.D. 2008 and anterior to the presentment of this Indictment, in the County and State aforesaid, did then and there intentionally or knowingly cause the death of an individual, namely, Aaron Watson, by shooting the said Aaron Watson with a firearm;

#### Count Two

AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said Court that **MICHAEL JASON UNDERWOOD, CHRISTOPHER JOSEPH HALL, ANTHONY LEE RAY, CHADRICK B. PATE, and KEVIN RAY TANTON, acting alone and together,** on or about the 4th day of January, A.D. 2008 and anterior to the presentment of this

Scanned  Jan 26, 2012



#16
pg 2.

State's Application for Subpoena .................................................... 53

Subpoena Returned Served
  Sheldon Wiginton ............................................................... 57
  John Reddick .................................................................. 58
  Matthew Baird ................................................................. 59
  Spencer Yarnall ............................................................... 60
  Tracy Lynn Watson ............................................................. 61
  Lillian Penick ............................................................... 62
  Stephanie Abbott .............................................................. 63
  Joel Bear .................................................................... 64
  Karl Petzold ................................................................. 65
  Stan Powell .................................................................. 66
  William Newsom ............................................................... 67
  Nathan Garrett ............................................................... 68
  Gavin Harrison ............................................................... 69
  Michael Huffman .............................................................. 70
  James Beck ................................................................... 71
  John Gutierrez ............................................................... 72
  Michael Brooks ............................................................... 73

State's Motion for Continuance ..................................................... 74

Setting Notice ..................................................................... 76

Subpoena Returned Served
  Ranger Oscar Rivera ........................................................... 77
  Deputy Keith Pikett ........................................................... 78
  Kimberly Wright ............................................................... 79
  Suni Lee ..................................................................... 80
  Brandy Woolverton ............................................................. 81
  Todd Garcia .................................................................. 82
  Yvette Garcia ................................................................ 83
  Jo Ann Budlong ............................................................... 84
  Patricia Arnold .............................................................. 85
  Gilbert Cardenas ............................................................. 86
  William White ................................................................ 87
  Raymond Smyth ................................................................ 88
  Nema Bardin .................................................................. 89
  Sgt. Chris Baggett ........................................................... 90

Subpoena Returned Unserved
  Danielle Molina .............................................................. 91

Cover Letter ....................................................................... 92

Motion to Withdraw as Counsel  Cochran  10/15 ...................................... 93

Order on Motion to Withdraw as Counsel  10/15 Whaley .............................. 96

ii

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

COVER SHEET
EXHIBIT    17

2/9/09 REPORTERS RECORD VOLUME 4 OF 9 PAGE 102 LINE 9-25 CHADRICK PATE
A-08-5080-4CF

# R E P O R T E R ' S   R E C O R D

## VOLUME 4 OF 9 VOLUMES

## Trial Court Cause Number A-08-5080-4-CR.

| THE STATE OF TEXAS | * | IN THE DISTRICT COURT OF |
| | * | |
| VS. | * | ARANSAS COUNTY, TEXAS |
| | * | |
| CHADRICK B. PATE | * | 36TH JUDICIAL DISTRICT |

-----------------------------------------------

### JURY TRIAL
### *Voir Dire Proceedings*

-----------------------------------------------

## A P P E A R A N C E S

*COUNSEL FOR THE STATE:*
   MR. MARCELINO RODRIGUEZ
   MS. RETHA CABLE
   ASSISTANT DISTRICT ATTORNEY
   36th Judicial District
   San Patricio County Courthouse
   P. O. Box 1393
   Sinton, Texas      78387
   Tel:   361-364-6220
   Fax:   361-364-4978
   SBN:   24046959
          00785741

## COUNSEL FOR THE DEFENDANT:
   MR. JOHN S. GILMORE
   ATTORNEY AT LAW
   P. O. Box 276
   622 South Tancahua
   Corpus Christi, Texas      78403
   Tel:   361-882-4378
   Fax:   361-882-3635
   SBN:   07958500

COPY

On the **9th** day of **February, 2009**, the following proceedings came on for trial in the above-entitled and numbered cause in said Court, **HONORABLE JANNA K. WHATLEY,** Judge Presiding, held in Rockport, Aransas County, Texas: Proceedings were reported by machine shorthand.

Tim Foss, Number Seventy-Two.

MR. GILMORE: Yes, sir.

VENIREPERSON FOSS: You said that y'all were not a team.

MR. GILMORE: We're not a team.

VENIREPERSON FOSS: Okay. I believe the Judge said these two gentlemen will be tried in the same case; is that correct?

MR. GILMORE: This is going to be one trial.

VENIREPERSON FOSS: One trial.

MR. GILMORE: One trial.

VENIREPERSON FOSS: But you're not a team.

MR. GILMORE: We're not a team.

VENIREPERSON FOSS: Okay, I guess.

MR. GILMORE: In other words, to be completely honest with you, I don't care what happens to Mr. Hall. Okay? My interests are for Mr. Pate. Okay?

VENIREPERSON FOSS: But you're doing it in the same trial.

MR. GILMORE: We're being forced to do it this way. Okay? All right?

VENIREPERSON FOSS: Thank you.

MR. GILMORE: We would rather not do it this way. Okay?

Yes, ma'am.

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

## COVER SHEET

EXHIBIT   18

REPORTERS RECORD VOLUME        CHADRICK B PATE LEG RESTRAINTS PAGE 259
                               LINE 1-25

Leg Restraints

Please don't discuss the case with anyone.

*(The jury exited the courtroom after which there was a discussion off the record.)*

THE COURT: Okay. Go ahead.

MR. GILMORE: There were some folks sitting out in the audience over here. I believe it's --

THE COURT: Where?

MR. GILMORE: Right over here. I believe it was Mr. Watson's family.

THE COURT: Mr. Who?

MR. GILMORE: Watson.

MS. CABLE: His mother and his grandmother. It's his mother. They're here with the little girls. They're custodians.

MR. GILMORE: But anyway, one of the people sitting behind the Watsons, his mother and father, said -- pointed over to my client and said, "He's in jail. I know he's in jail because I can see his leg brace." And it was said where the jury could hear it. And I just want them instructed not to be making statements in front of the jury.

THE COURT: I don't want anybody -- anybody that's involved with the witness or whatever does not need to be making any comments whatsoever about the case while they're sitting in the courtroom.

And you'll please advise them,

Mr. Rodriguez --

MS. CABLE: I don't know who was talking. Who said that?

THE BAILIFF: That's the C.P.S. girl.

MS. CABLE: Okay, 'cause it wasn't our witnesses. It wasn't anybody I have control over. We'll make the instruction and, for the record, I didn't hear them make any comment.

THE COURT: Is that Ms. Abbott? She's on the witness list.

THE CLERK: Stephanie?

THE COURT: Yeah. She's on the witness list. If that was her; I don't know --

THE CLERK: I think that's her name.

THE COURT: Well, y'all's witness ain't going to get to be in the courtroom.

MS. CABLE: Not our witness anymore, Your Honor.

MR. RODRIGUEZ: She was basically having custody of the children, so that's why she was on the list. They were actually placed with somebody else on a permanent basis.

MS. CABLE: I don't think we're planning on calling her.

MR. RODRIGUEZ: We weren't planning on

calling her, Your Honor.

THE COURT: You're going to have to check with them, guys, at the door.

THE BAILIFF: Yes, ma'am.

THE COURT: Would be C.P.S.

Off the record, Sharon.

*(There was a discussion off the record.)*

THE COURT: Just for the record, gentlemen, I have reviewed -- got to me late -- but Mr. Tanton's criminal history. I've reviewed Mr. Leal's -- no, no. Who is this?

MR. RODRIGUEZ: Underwood.

THE COURT: I'm sorry; Ray's. There's... one felony conviction it looks like. Is that what y'all saw?

MR. RODRIGUEZ: On?

THE COURT: Mr. Ray. It's a conviction for some sort of drugs, Four-Eighty-One-Point-One-One-Five-B. I don't know if that's the cocaine charge or not; I don't know. Less than a gram on him.

I'm just now reviewing Underwood's. (Examining document/s). He's got a felony theft, Mr. Underwood does, guys.

MR. GILMORE: Who's that?

THE COURT: Mr. Underwood has a felony

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT 19

AFFIDAVIT OF CHADRICK PATE (LEG RESTRAINTS)

**STATE OF TEXAS** §

**WICHITA COUNTY** §

## AFFIDAVIT OF CHADRICK B. PATE

Before me, the undersigned notary, on this day personally appeared CHADRICK PATE, the affiant, a person whose identity is known by me. After I administered an oath to affiant, affiant testified:

"My name is Chadrick B. Pate. I am over the age of 18, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

During my four day trial in Aransas County Texas from February 9, 2009 – February 12, 2009 I was in leg restraints that limited my movement. The limitation of my movement was visible to people in the courtroom. I was made to wear the leg restraints in the presense of the Jury. "

_____
Chadrick B. Pate

SWORN TO AND SUBSCRIBED before me, the undersigned authority on this day 21 of May, 2012.

_____
Notary Public, Wichita County, Texas



Hazelle M. Davis
Notary Public, State of Texas
My Commission Expires
08/03/2014
Notary without Bond

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #015063340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT   21

INDEX OF EVENTS CERTIFIED TO THE OURT OF APPEALS CHADRICK PATE A-08-5080-4CR

CAUSE NO. A-08-5080-4-CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | ( | IN THE DISTRICT COURT |
| VS | ) | 36TH JUDICIAL DISTRICT |
| CHADRICK B. PATE | ( | ARANSAS COUNTY |

## INDEX

Index . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Caption . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Indictment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Capias Returned Served . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Precept Returned Served . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Letter of Representation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Waiver of Arraignment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Motion to Reduce Bond . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Defendant's Motion to Reveal the Deal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Request Under Article 37.07 Section 3(g) for Notice from State . . . . . . . . . . . . . . . . . . . . 16

Rule 404(b) Request for Notice of Intent to Offer Extraneous Conduct . . . . . . . . . . . . . . . 18

Motion to Prohibit State from Attempting to Introduce Statements Allegedly
Made by the Defendant without Prior Hearing on Admissibility . . . . . . . . . . . . . . . . . . . . . 21

Motion for Discovery, Production and Inspection of Evidence . . . . . . . . . . . . . . . . . . . . . . 23

Order on Rule 404(b) Request . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Order on Motion for Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Order on Motion to Reveal the Deal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Motion for Defendant Chadrick Pate for Severance of Defendants . . . . . . . . . . . . . . . . . . 36

Motion for Continuance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Order on Motion for Continuance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

State's Motion for Continuance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

Order on Motion for Severance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

Motion to Dismiss ............................................................. 46

Defendant's Motion to Elect the Jury to Assess Punishment ...................... 49

Defendant's Motion in Limine ................................................. 50

State's Strike List .............................................................. 53

Defendant's Strike List ........................................................ 55

Jury Chosen .................................................................. 57

Jury Note .................................................................... 59

Charge of the Court ........................ _IN # 14 Cat file_ ............... 60

Verdict (Guilt/Innocence) ...................................................... 72

Jury Note .................................................................... 74

Punishment Charge ........................................................... 75

Verdict (Punishment) ......................................................... 79

Trial Court's Certification of Defendant's Right of Appeal ....................... 80

Order to Withhold ............................................................ 81

Notice of Appeal ...... 3\25\09 ............................................... 82

Affidavit of Indigence ......................................................... 83

Order Appointing Counsel ..................................................... 87

Notice of Appeal to Court of Appeals .......................................... 88

Judgment of Conviction by Jury; Sentence by Jury to Institutional Division, TDCJ ..... 89

Court Docket Sheet .......................................................... 94

Certification ................................................................. 97

_June 2\13\09   Signed 2\13\09_

_both Day 4\14\09_

_any thing after # 59 Jury Note Not Sent to COA_

2

*no mot for MTC*
*cont'd*
*NO ORDER*
*NO Announcement that*
*Doc reflect* 10/30
*or*
10/31

Motion to Dismiss .... *NO* ... *Filed 10/16/08* .......................... 46
*NO ORDER*

Defendant's Motion to Elect the Jury to Assess Punishment ........................ 49

Defendant's Motion in Limine *Filed 02/09/09* ........................ 50
*NO ORDER*

State's Strike List ..................................................... 53

Defendant's Strike List ................................................. 55

Jury Chosen ........................................................... 57

Jury Note ............................................................. 59

Charge of the Court .................................................... 60

Verdict (Guilt/Innocence) .............................................. 72

Jury Note ............................................................. 74

Punishment Charge .................................................... 75

Verdict (Punishment) .................................................. 79

Trial Court's Certification of Defendant's Right of Appeal ................ 80

Order to Withhold ..................................................... 81

Notice of Appeal ...................................................... 82

Affidavit of Indigence ................................................. 83

Order Appointing Counsel .............................................. 87

Notice of Appeal to Court of Appeals .................................... 88

Judgment of Conviction by Jury; Sentence by Jury to Institutional Division, TDCJ ..... 89

Court Docket Sheet ........ *NO Court Docket Sheet* .... 94

Certification .......................................................... 97

*No notices of Settings*
*Commencement*
*or Pre-Trial*
*or Trial Date*
*listed*

*Missing 10/30 Criminal Doc Sheet MTC*
*10/31 Ex 9 Inst filed shows setting notice*
*12/22*
*2/5*

2

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT   22

JUDGMENT FRONT PAGE CHADRICK PATE A-08-5080-4CR

| THE STATE OF TEXAS | § | IN THE 36TH JUDICIAL |
|---|---|---|
| V. | § | DISTRICT COURT OF |
| CHADRICK B. PATE, | § | ARANSAS COUNTY, TEXAS |

**DEFENDANT**
        <u>SID</u>: **TX05581316**

# JUDGMENT OF CONVICTION BY JURY;
## SENTENCE BY JURY TO <u>Institutional Division, TDCJ</u>

| | |
|---|---|
| <u>DATE OF JUDGMENT</u>: | **February 13, 2009** |
| <u>JUDGE PRESIDING</u>: | **Janna K. Whatley** |
| <u>ATTORNEY FOR THE STATE</u>: | **Patrick L. Flanigan** |
| <u>ATTORNEY FOR THE DEFENDANT</u>: | **John Gilmore** |
| <u>OFFENSE</u>: | **Murder** |
| <u>STATUTE FOR OFFENSE</u>: | **Section 19.02, Penal Code** |
| <u>DEGREE OF OFFENSE</u>: | **First Degree Felony** |
| <u>APPLICABLE PUNISHMENT RANGE</u> | |
| <u>(including enhancements, if any)</u>: | **First Degree 5-99 yrs or life/max $10,000 fine** |
| <u>DATE OF OFFENSE</u>: | **January 4, 2008** |
| <u>CHARGING INSTRUMENT</u>: | **Indictment** |
| <u>PLEA TO OFFENSE</u>: | **Not Guilty** |
| <u>PLEA TO ENHANCEMENT PARAGRAPH(S)</u>: | **Not Applicable** |
| <u>VERDICT FOR OFFENSE</u>: | **Guilty** |
| <u>FINDING ON ENHANCEMENT</u>: | **Not Applicable** |
| <u>AFFIRMATIVE FINDING ON DEADLY WEAPON</u>: | **Yes-firearm used or exhibited** |
| <u>OTHER AFFIRMATIVE SPECIAL FINDINGS</u>: | **Applicable, See Below** |
| <u>DATE SENTENCE IMPOSED</u>: | **February 13, 2009** |
| <u>PUNISHMENT AND PLACE OF CONFINEMENT</u>: | **Ninety Nine (99) years in the Institutional Division-TDCJ, and a $ <u>10,000.00</u> fine** |
| <u>TIME CREDITED TO SENTENCE</u>: | **Two Hundred Eighty Five (285) days** |
| <u>COURT COSTS</u>: | **$265.00** |
| <u>TOTAL AMOUNT OF RESTITUTION</u>: | **$-0-** |
| <u>NAME AND ADDRESS FOR RESTITUTION</u>: | |

The **Sex Offender Registration Requirements** under Chapter 62, CCP, **do not apply to** the Defendant. The age of the victim at the time of the offense was **not applicable.**

This sentence shall run **concurrently unless otherwise specified.**

FILED
_30_ day of _Mar_ 20 _09_
at _4:00_ o'clock _p_ M

Pam Heard, District Clerk
Dist. Court, Aransas Co., Texas
By _____ Deputy

DS4: Judgment of Conviction by Court: Sentence By Jury. Cause No. A-08-5080-4-CR: Page 1 of 4 Pages

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

## COVER SHEET

## EXHIBIT   23

## DISTRICT CLERK CERTIFICATION TO THE COURT OF APPEALS CHADRICK PATE
A-08-5080-4CR

# 23

The State of Texas            )
County of Aransas             (


I, PAM HEARD, Clerk of the District Court of Aransas County, Texas do hereby certify that the documents contained in this record to which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5(a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5(b)

GIVEN UNDER MY HAND AND SEAL at my office in Aransas County, Texas this _1st_ day of ___April___, 2009.


_____

PAM HEARD
DISTRICT CLERK


BY:_____, Deputy

97

Filed on the ___*2*___ day of ___*June*___, 20 *08*

_____PAM HEARD_____ Clerk of the District Court

_____*Aransas*_____ County, Texas

By _____ Deputy

THE STATE OF TEXAS

County of _____

I, _____PAM HEARD_____, Clerk of the

_____ District Court of _____ County,

Texas, do hereby certify that the within and foregoing is a true

and correct copy of the **Original Bill of Indictment**, filed in said

Court on the _____ day of _____ A.D. 20 _____,

in Cause No. _____, styled The State of Texas vs

_____

Given under my hand and the seal of said Court at office in

_____, Texas, this _____ day of

_____ A.D. 20 _____.

_____PAM HEARD__ Clerk

by _____ Deputy

36th  D.A. Form B50 - General Indictment                      6/90 (12/99)

*6*

# IN THE COURT OF CRIMINAL APPEALS AUSTIN, TEXAS

## WRIT NO.

EX PARTE

CHADRICK B PATE

TDCJ #01563340

FROM THE THE DISTRICT COURT

36TH JUDICIAL DISTRICT

ARANSAS COUNTY, TEXAS

CAUSE NO. A-08-5080-4CR

COVER SHEET

EXHIBIT  24

JUDGE WHATELY'S  CERTIFICATION TO THE COURT OF APPEALS OF ALL
PROCEEDINGS

The State of Texas      (
County of Aransas     )

In the 36TH Judicial District Court of Aransas County, Texas, the Honorable JANNA WHATLEY, Judge Presiding, the following proceedings were held and the following instruments and other papers were filed in this cause, to wit:

Trial Court Cause No. A-08-5080-4-CR

| THE STATE OF TEXAS, Plaintiff | ( | IN THE DISTRICT COURT |
| VS | ) | 36TH JUDICIAL DISTRICT |
| CHADRICK B. PATE, Defendant | ( | ARANSAS COUNTY, TEXAS |